# WILLIAM KASTING

*v.*

# G. F. KASTING.

1. APPEALS—*from justices of the peace.* The party who recovers a judgment before a justice of the peace may take an appeal from such judgment.

2. SAME—*cause heard de novo.*   In the circuit court the cause is heard *de novo*, and as that court, on appeals from magistrates' courts, does not sit as a court of errors, the doctrine that accepting the benefit of a judgment or decree is a release of errors, has no application to such appeals.

3. EVIDENCE—*notice of not required.*   A party bringing suit before a justice of the peace is not bound to notify the opposite party what evidence he will introduce at the trial.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts appear in the opinion.

Mr. AMOS WATTS, for the plaintiff in error.

Mr. WM. WINKLEMAN, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It appears from this record, that G. F. Kasting brought an action of assumpsit before a justice of the peace of Washington county, against William Kasting, on an account, stated thus in the transcript: "For detaining the delivery of corn, I claim damage of Wm. Kasting to the amount of 25 cents per day, from the first day of December, 1866, up to date, and for going to his place of residence with a team and returning empty, $6.00."

On this claim, a summons in the usual form was issued by the justice of the peace, and endorsed thus: Fr. Kasting *v.* Wilhelm Kasting—Demand $99.00, with the fees, etc.

The summons was duly served and the cause tried by a jury, who found for the plaintiff two dollars and fifty cents and costs of suit, for which the justice rendered judgment. The transcript states that it contains a full and perfect statement of all the proceedings, of which G. F. Kasting asks an appeal.

An appeal bond was duly filed, and the cause docketed in the circuit court, and a motion made by the defendant to dismiss the appeal and the suit, on his affidavit, stating that after the rendition of the judgment before the justice, and before any appeal was prayed for, or appeal bond executed, he paid the amount of the judgment and all costs to the justice, of whom the plaintiff received it in full satisfaction of the judgment, and still retained it..

Against the motion the plaintiff submitted his own affidavit, to the effect that, he accepted the two dollars and fifty cents, the amount of the judgment in the court below, as so much on what the defendant justly owed him, as damages given him by the jury for his trouble in going after the corn promised by the note ; and that he was informed, and believed that the jury thought and intended the plaintiff should have the corn or its value, besides the two dollars and fifty cents, but failed to put it in the verdict according to law.

The court ordered, unless the plaintiff should refund this two dollars and fifty cents, the suit should be dismissed, whereupon the plaintiff paid into court that sum, and thereupon the court denied the motion to dismiss, to which the defendant excepted and made no further defense. A jury was called, and a witness was shown a note written by him in the German language, of which he. had prepared a translation into English, of the following purport :

"VENEDY, Ill., August 25, 1866.

I, the undersigned, promise that I owe Fr. Kasting 115 bushels of corn, to be delivered in November, 1866, and further promise to bring 40 bushels of the above named 115 to Venedy, to his residence."

The witness testifi d that he wrote the note in the German language; that the translation was correct. He further testified that corn was worth, during the month of November, 1866, at the residence of the plaintiff, seventy-five cents per bushel, and at the residence of the defendant, about seventy

cents. The plaintiff being sworn, testified that he went to defendant's house, after November, 1866, with a wagon and team to get the corn, and demanded it, but defendant refused to deliver it; that defendant never delivered any of the corn; he is the son of the plaintiff.

The jury found for the plaintiff seventy-eight dollars, for which the court rendered judgment, having refused a motion for a new trial.

To reverse this judgment the record is brought here by writ of error, and these proceedings assigned as error.

The plaintiff in error insists that a party to a judgment or decree, availing himself of the benefits thereof, cannot assign error on that judgment or decree, and when the defendant in error accepted the amount of the judgment rendered in his favor before the justice, he released all errors, and had no right to appeal.

This court, in *Morgan* v. *Ladd et al.*, 2 Gilm. 414, decided that a party to a decree in chancery, having availed of the decree, and received the money awarded by it, could not assign error on such decree, and the same was said by a majority of the court in the case of *Thomas* v. *Negus et al.* ib. 700. They held that the receipt of the money operated as a release of errors.

We have no disposition to question the correctness of these decisions, but this case is not within the principle recognized by them. The circuit court, on an appeal from a justice of the peace, does not sit as a court of errors, but tries the cause *de novo*. It will not be denied, that a party has a right to appeal from a judgment of a justice of the peace in his own favor, and on trial *de novo*, in the circuit court, recover a much larger amount, as much larger as the proof will allow, so that the amount is not beyond the jurisdiction of a justice of the peace, and does not exceed the amount endorsed on the summons. This is the theory and the law of such proceedings. Even from a judgment in the circuit court in favor of a

56—47TH ILL.

plaintiff, he may appeal or bring error to the Supreme Court. *Fuller* v. *Robb,* 26 Ill. 246.

The only embarrassing feature in this case is the fact that the plaintiff received the amount of the judgment and then appealed. It is very manifest from the affidavit of the plaintiff, that this was done with no expectation that his rights would be compromised thereby, and in ignorance of his rights he innocently supposed the amount of the judgment was for his damages in not getting the corn, and that he was to' have the corn as well.

It is very apparent all the actors in this matter, prior to the appeal, were Germans, ignorant of our language, as the note was in German. The magistrate was a German, so was the constable, and so was the magistrate's jury, as appears from the papers, none of whom, probably, knew very distinctly what was the real nature of the case, or what should be the amount of the plaintiff's recovery or claim. Though it was an obligation to deliver 115 bushels of corn, worth seventy-five cents per bushel, and it had not been delivered to plaintiff when he went for it with his team, the jury must have thought he was only entitled to recover the expenses incurred in going for the corn, hence the small verdict. It is very evident that the plaintiff did not recover anything like the amount of his demand, and to which there was no defence. His right to take the case by appeal to the circuit court for a new trial, although he did, under the circumstances shown, accept the small amount found by the jury, was not thereby destroyed, and the question whether the plaintiff received the amount of the judgment rendered by the justice, as a satisfaction of his demand, could not be presented and tried on a motion to dismiss the appeal and suit. If so received, it should have been relied upon as a bar on the trial *de novo* in the circuit court, like payment, accord and satisfaction, or other defence arising after a trial before a justice of the peace. It was for the jury to determine with what intention the

plaintiff received the amount; if only as a partial payment, it should have been allowed as a credit *pro tanto*, but if in discharge of the plaintiff's claim, then as a bar to any further recovery.

It is further objected, that it was error to admit as evidence the instrument in writing for the delivery of the corn, as no notice of it had been given the defendant.

We know of no rule requiring a plaintiff on appeal to notify a defendant of the evidence he intends to produce on the trial. In this case, the amount endorsed on the summons of the justice of the peace was ninety-nine dollars, which is all the notice the statute requires. How the demand arose, was a matter of evidence, and if the defendant was surprised by the character of the evidence, and desired an opportunity to explain it, or counteract it, application should have been made to the court for a continuance, as in an original suit in the circuit court, if the plaintiff amend his declaration by inserting a new cause of action, and no objection be made, and the parties proceed to trial, there is no error. A party on appeal, or in an original suit in the circuit court, has the right to file additional items of account, or other evidence of demand, if not objected to, and if objection be made on the ground of surprise or the like, all the court could do would be to grant a continuance if demanded. In this case, no objection was made, and the justice and merits of the case are clearly with the defendant in error. The judgment must be affirmed.

*Judgment affirmed.*