JOHN N. SATTERFIELD

*v.*

THE COUNTY OF JEFFERSON.

FEES *in criminal cases—liability of county to county clerk.* The statute which provides that in all criminal cases, when the costs can not be collected from the defendants on their conviction, or in case of the acquittal of the defendants, such costs shall be paid out of the county treasury, applies exclusively to clerks of the circuit courts. So, although, under the act of 1872, clerks of county courts may charge and collect like fees as clerks of the circuit courts, the county will in no event be liable to the county clerks for their fees in criminal cases.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. T. S. CASEY, and Mr. E. V. SATTERFIELD, for the appellant.

Mr. ALFRED M. GREEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 20th of September, 1871, plaintiff was appointed clerk of the county court of Jefferson county, and in November thereafter he was elected to such office to fill the vacancy

caused by the death of the former clerk, who had been elected prior to the adoption of the present constitution. While in office, plaintiff earned fees in criminal cases which he was unable to collect, because of the acquittal of the parties accused, or on account of the insolvency of parties where convictions were had, and he now seeks to recover such fees from the county.

Under the act of 1872, conferring increased jurisdiction upon county courts, the clerks of such courts are permitted to charge and collect like fees as clerks of circuit courts for similar services. It is also provided in the act in relation to "Fees and Salaries," "That whenever the county clerk shall be required to perform similar services to those required of circuit clerks, and no fee is specially provided for such services, they shall be allowed, for such services, the same fees as are herein allowed to circuit clerks." On turning to the section of that act in relation to fees of circuit clerks in criminal cases, we find it is provided that "in all criminal cases, when the costs can not be collected from the defendants on their conviction, or when the defendants shall be acquitted, such costs be paid from the county treasury."

It is under these several provisions of our statute, plaintiff seeks to have the fees he has earned in criminal cases, and which he has been unable to collect, paid from the county treasury, in like manner as clerks of circuit courts would be entitled to have their costs paid in such cases. We do not think the statute will bear the construction contended for. While it is true, county clerks may charge and collect such fees in criminal cases, as circuit clerks may for similar services, the statute has made no provision they may have such costs paid from the county treasury. That provision has exclusive reference to circuit clerks, and we do not understand its benefits have ever been extended to county clerks. All the legislature has seen fit to do, is to provide that county clerks may charge and collect, for similar services, the same fees as are allowed to circuit clerks, and no warrant can be found for holding by

construction that costs, when earned in any given class of cases, shall be paid from the county treasury.

This view of the meaning of the statute makes it unnecessary to discuss other questions raised on the argument.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCHOLFIELD: I do not concur in this opinion.

Mr. JUSTICE DICKEY: I dissent from the construction given to the statute in question. It seems to me that the legal effect of the statute was to place the county clerk in the same position as that of the clerk of the circuit court, as to the matter of fees.