## TOWN OF NOKOMIS

### v.

## MARTIN HARKEY.

*Municipal Corporations—Nuisance—Prosecution under Ordinance—Liability of Town for Costs.*

Upon the dismissal of a prosecution under an ordinance, it is improper to render judgment against the municipal corporation for costs.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon T. A. CREIGHTON, Judge, presiding.

Messrs. PEPPERDINE & JETT and JAMES M. TRUITT, for appellants.

Messrs. LANE & COOPER, for appellee.

CONGER, J. This was a prosecution against appellee for keeping a nuisance, brought under the ordinances of the town before the police magistrate, and upon an appeal to the Circuit Court the prosecution was dismissed and judgment for costs was rendered against the town.

The propriety of such judgment for costs is the only question we are called upon to decide.

These prosecutions are of a *quasi* criminal nature. They are not always brought by the authority of the town, but may be set in motion by any one filing a complaint, and, like the criminal laws of the State, are for the purpose of preserving the public peace and comfort of the inhabitants of the municipality, and therefore should not involve such municipality in costs when a supposed offender against the ordinances is acquitted, unless the law has expressly so declared.

We know of no statute which makes the municipality liable in express terms, but the language of the latter part of Sec. 40, Chap. 53, would seem to indicate that the question of municipalities paying costs in prosecutions for the violations of ordinances is one entirely within the discretion of the board.

The language is as follows: "The costs in criminal and *quasi* criminal prosecutions for the violation of an ordinance of an incorporated city or town, where the provisions of the charter of such towns or cities do not prohibit the payment of such costs, may be paid by such city or town, in the discretion of the city council or board of trustees of such incorporated cities or towns."

The judgment of the Circuit Court will be reversed.

*Judgment reversed.*