352 McArthur *v.* Artz.

Alexander McArthur

*v.*

Isaac Artz.

*Filed at Ottawa June 15, 1889.*

1. Costs—*in criminal cases—costs in advance from defendant.*  In a criminal case, where the accused has been convicted before a justice of the peace and has perfected his appeal to the circuit court, the clerk of that court has no right to demand of him the payment of a docket fee in advance, as a condition precedent to placing the case upon the docket; and if the clerk refuse to docket the case without such payment, the circuit court may, by rule, require him to do so, without the payment of costs in advance.

2. As the costs in criminal cases are required to be paid out of the county treasury in case of an acquittal, and as the defendant can not be compelled to pay costs when he is acquitted, it follows that he can not be required to advance costs before his trial.  In case of his acquittal he can not recover back the costs he may have advanced, as no judgment can be entered against the People in a criminal case.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Henderson county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. S. D. C. Hays, State's Attorney, for the appellant:

The general principle is, that the party who requires an officer to perform services for which compensation is allowed, is in the first instance liable; and in a criminal case, a defendant, even when successful, is liable to pay his costs to the proper officer, when the costs accrue.  Neither does section 9, article 11, of the constitution, exempt the defendant in a criminal case from liability for costs.  *People* v. *Harlow,* 29 Ill. 43; *Carpenter* v. *People,* 3 Gilm. 147.

Messrs. Pepper & Scott, for the appellee:

There is no statute requiring the payment of costs in advance in criminal cases.  Section 19 of the Bill of Rights provides, that every person "ought to obtain, by law, right

and justice freely, and without being obliged to purchase it." And the. 9th section provides, "that in all criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature of the accusation, and to have a copy thereof; to meet the witnesses face to face, and to have power to compel the attendance of witnesses in his behalf."

Again, in the 17th section of chapter 33, Starr & Curtis' Statutes, entitled "Costs," it is provided, that if, in any case of the People, the case is not proved, or verdict is rendered against the plaintiff, the defendant shall recover no costs,—*ergo*, he should advance none, else he has to buy justice. See *People* v. *Coultas*, 9 Bradw. 39.

Again, section 446 of the Criminal Code provides, that if a defendant is found not guilty, he shall be discharged without the payment of costs,—and the same rule should, and does, hold good in this State. If not liable for costs if not convicted, he should not be required to pay any in advance, as he can get no judgment for their return. Section 444 of the Criminal Code provides that the defendant shall not be required to advance jury fees.

Again, section 15 of the Fees and Salaries act provides, "that in all criminal cases where the defendants are acquitted, the clerk's costs shall be paid out of the county treasury."

Again, in the same chapter, paragraph 19, page 1130, of Starr & Curtis' Statutes, it is provided: "In all criminal cases where the defendant shall be acquitted, the sheriff shall be paid such fees out of the county treasury." As, then, the accused only owes fees on condition of conviction, he can be held to pay none unless convicted.

In paragraph 40 of the same act it is provided: "In all criminal cases where the prosecution fails, the county board may direct the costs to be paid out of the public treasury." This includes the fees of justices, police magistrates, constables, jurors and witnesses.

In section 511 of the Criminal Code it is provided, that if convicted, the defendant is to pay costs, before a justice. The rule is the same as in the circuit court, and on acquittal no costs can be taxed against the person accused. And no costs can be collected of a discharged defendant, even though made by him in his own defense. *Wells* v. *McCullock*, 13 Ill. 606.

Mr. Justice Magruder delivered the opinion of the Court:

Two prosecutions, one to keep the peace, and one for disorderly conduct, were instituted against the appellee before a justice of the peace in Mercer County. He was arrested on both charges, and compelled by the decision of the justice to give bond and pay the costs in the one instance, and fined in the other. He took an appeal to the Circuit Court. The papers were sent up by the justice to the clerk of the Circuit Court. The latter refused to docket the cases in the Circuit Court, unless his fees were advanced, as is the usual practice in civil cases. Thereupon Artz, by his attorneys, moved for a rule upon the clerk, "ordering and directing him to docket said cause or causes because the causes are criminal causes, and the defendant is not liable to pay costs unless he is found guilty and convicted." The Circuit Court allowed the motion, and ruled the clerk to docket the cases without the payment of fees therefor by Artz, to which ruling the clerk excepted and prayed an appeal to the Appellate Court. The Appellate Court has affirmed the ruling of the Circuit Court, and allowed an appeal to this Court, certifying that the case "involves questions of law of such importance, on account of principal and collateral interests, as that it should be passed upon by the Supreme Court, to wit: whether it is lawful in a criminal case, where a party has been convicted before a justice of the peace, and has perfected his appeal to the Circuit Court, for the clerk of such court, * * * as a condition precedent to placing the cause on the docket of the Circuit Court, to require the appellant to pay a docket fee in advance."

Section 15 of the Fees and Salaries Act (Starr & Cur. Stat. page 1125, chap. 53, sec. 15) provides that "in all criminal cases, when the costs cannot be collected from the defendants on their conviction, or where the defendants shall be acquitted, such costs shall be paid from the county treasury." The costs here referred to are the costs of the clerks of the Circuit Courts. (*Satterfield* v. *County of Jefferson*, 85 Ill. 347.) If the costs are to be paid out of the county treasury when the defendants are acquitted, then the acquitted defendants cannot be compelled to pay them. If a defendant cannot be compelled to pay costs when the trial results in his acquittal, then he ought not to be required to advance costs before his trial has taken place, and before it can be known whether he will be acquitted or not.

In the event of his acquittal the defendant cannot recover back the costs which he may have advanced. In section 17 of the Act in relation to Costs (Starr & Cur. Stat. page 641, chap. 33) it is provided, that, in all suits and actions commenced in the name of the People, if the plaintiff suffer a discontinuance, or be non-suited, or non-pros'd, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever. It is true that the present cases were first tried before a justice of the peace, and appealed by the appellee to the Circuit Court. But the trial in the Circuit Court of a case appealed from a justice is a trial *de novo*. (*Kasting* v. *Kasting*, 47 Ill. 438; *Adkins* v. *Mitchell*, 67 id. 511.) The plaintiff in the justice's court is plaintiff in the circuit court, on the trial of the appeal, and the rights of the parties are the same as in original actions. (Starr & Cur. Rev. Stat. chap. 79, sec. 74, page 1460.)

We find other provisions in the Fees and Salaries Act similar to that quoted from section 15. In section 19 (Starr & Cur. page 1130) it is provided, that "in all criminal cases where the defendant shall be acquitted, or otherwise discharged without payment of costs, the sheriff shall be paid such fees from

the county treasury." In section 40 of the same act (Starr & Cur. page 1139) we find the following language: "in all criminal cases where the fees cannot be collected of the party convicted, or where the prosecution fails, the county board may, in its discretion, direct that the costs of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury."

From these provisions it would seem to have been the intention of the legislature, that, where a defendant, who is tried upon a criminal charge, is acquitted, he shall not be required to pay costs, and, as he cannot recover them back, where the proceeding is in behalf of the people, he is not obliged to advance them. The views here expressed are sustained by the case of *Wells* v. *McCullock*, 13 Ill. 606.

What is here said, however, applies only to proceedings in the Circuit Court, and has no reference to costs in the Appellate and Supreme Courts, or to costs made in the Circuit Court in taking cases to the Appellate and Supreme Courts. (*Carpenter* v. *People*, 3 Gilman, 147.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*