The People v. Village of Chapin.

---

The People, etc., ex rel. John F. Clark, Clerk, etc., v. The Village of Chapin.

1. *Mandamus Proceedings.*—In mandamus proceedings the relator must show a clear legal right to the relief prayed.

2. *Municipal Corporations—Liability for Costs in* Quasi *Criminal Proceedings.*—Sec. 40, Ch. 53, R. S., providing that in all criminal cases where the fees can not be collected of the party convicted, or when the prosecution fails, the county may, in its discretion, direct that the costs of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury, provided that the costs in criminal and *quasi* criminal prosecutions for the violation of ordinances of an incorporated town or city, when the provisions of the charters of such towns or cities do not prohibit the payment of such costs, may be paid by such city or town in the discretion of the city council or board of trustees of such incorporated cities or towns, applies to suits originally commenced in the Circuit Courts, as well as to those commenced before justices of the peace, and taken there by appeal.

3. *Municipal Corporations Not Liable for Costs.*—Where a city or town is suing to enforce its ordinances, it is performing a public function just as the State is when prosecuting by indictment or information; the payment of costs in such proceedings being discretionary, such city or town can not be compelled to do so by mandamus.

4. *Cities and Villages.—Agents of the Legislature, etc.*—Cities and villages are mere agents of the legislature, for the purpose of enforcing local government, and are vested with the power of enacting and enforcing ordinances, and when suing to enforce them, are a public function, just as the State is, when prosecuting by indictment or information.

**Memorandum.**—Petition for mandamus. Appeal from a judgment for defendant rendered by the Circuit Court of Morgan County; the

Hon. Cyrus Epler, Circuit Judge, presiding. Heard in this court at the November term, 1892, and affirmed. Opinion filed March 6, 1893.

## Statement of the Case by the Court.

This was a petition for mandamus addressed to the Circuit Court, as follows:

"The People of the State of Illinois ex rel. John F. Clark, clerk of the Circuit Court of Morgan County, State of Illinois, respectfully represents unto your honor that at the May term, A. D. 1890, of the Circuit Court of said county, there was a suit on the docket of said court, originally brought in said court, in an action for debt for selling liquor without license, numbered 29, entitled, "The Village of Chapin v. Patrick Murphy," and the same came up for trial, and judgment was rendered for the defendant, and judgment was rendered by said court, in said cause, against the said plaintiff for the costs of said suit, as will appear by the record of the same.

That the costs of said suit were taxed as follows, to wit: Fees due the circuit clerk, $42.55; fees due to the sheriff of Morgan County, $223.90; and fees due witnesses in said cause, $325.60; making a total of $529.05, costs due and unpaid.

That these costs will appear charged up against said plaintiff in fee book number 23, at pages 174 and 175, of said clerk's office.

Your petitioner would further show unto your honor that the said village of Chapin has neglected and refused to pay said costs to the parties entitled thereto, though the same has frequently been demanded of the proper officers of said village, and that several notices to pay said costs have since been sent to the president and clerk of said village, calling their attention to said costs and demanding payment thereof, to which notices no attention has been paid by the officers of said village who gave notice that they refuse payment of the same, and your petitioner is without remedy in the premises to enforce the payment of said costs except by this petition for a mandamus.

The People v. Village of Chapin.

Wherefore, your petitioner prays your honor to grant a writ of mandamus under the seal of this court, directed to the said village of Chapin, commanding said village to pay said $529.05, the costs due in said cause, to the clerk of this court, the same to be by him disbursed to the various parties entitled thereto, and commanding said village, if there be not sufficient funds in the treasury, to meet this demand, to proceed at once to raise and collect a sufficient amount for that purpose by the legal means within its power, and for such other and further relief in the premises as to your honor shall seem meet, and that to justice and equity may appertain, and thus your petitioner will ever pray, etc."

The court sustained a demurrer to the petition and entered judgment accordingly, from which an appeal has been prosecuted to this court.

## APPELLANT'S BRIEF.

The petition, on its face, shows sufficient ground for the writ, and the court erred in sustaining a demurrer thereto. The demurrer was a general one, and was to the cause of action, as set out, and not to the form of the petition.

That this is the proper remedy, and that the petition contained all that was necessary, we cite Cairo v. Everett, 107 Ill. 75; City of Ottawa v. The People, 48 Ill. 234; City of Olney v. Harvey, 50 Ill. 453; Peoria County v. Gordon, 82 Ill. 435.

CHAS. A. BARNES, attorney for appellant.

## APPELLEE'S BRIEF.

The appellant has invoked the power of the State in a case in which he has no rights, except it clearly appears from the records and pleadings in the case. People v. C. & A. R. R., 55 Ill. 95; People v. Glann, 70 Ill. 232; People v. Lieb, 85 Ill. 484; People v. Crotty, 93 Ill. 180; People v. Dulaney, 96 Ill. 503; Comm'rs of Highways, etc., v. People, 99 Ill. 587; People v. Johnson, 100 Ill. 537; Village of Hyde Park v. Thatcher, 13 Brad. 613.

In the case last cited, it is held petitioner must show a clear right to have the act done, and in addition, that the corporation has the power to do the act, and that it is its duty to do the act in the manner sought.

The judgment for costs as appears from the record was, no doubt, entered by the clerk *pro forma* and without any order from the judge. But be that as it may, in the case at bar the court was asked to issue a *mandamus* compelling the town board to do an act that the statutes expressly provide shall be discretionary with them. This a court will never do. County of St. Clair v. People, 85 Ill. 396.

MORRISON & WHITLOCK, attorneys for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

It is provided by the latter clause of Sec. 40, Ch. 53, R. S., that "in all criminal cases, where the fees can not be collected of the party convicted, or where the prosecution fails, the county board may, in its discretion, direct that the cost of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury, provided that the costs in criminal and *quasi* criminal prosecutions for the violation of an ordinance of an incorporated city or town, where the provisions of the charters of such towns or cities do not prohibit the payment of such costs, may be paid by such city or town, in the discretion of the city council or board of trustees of such incorporated cities or towns."

It is suggested this provision is not valid, because the subject-matter thereof is not embraced in the title of the act. No argument is presented in support of the suggestion. If there were really a question as to the constitutionality of the enactment, we should dismiss the appeal for want of jurisdiction.

As was said in St. Louis Transfer Co. v. Canty, 103 Ill. 423, there must be something more than the mere suggestion that a constitutional question is involved.

It must appear that there is substantial ground for such

a question; otherwise, every case which depends upon the statutes might be dismissed from this court upon such suggestion. So also of the suggestion that Section 40 has been impliedly repealed by the latter expression of the legislative will, in Secs. 8 and 17, Ch. 33. These sections were in the Revised Statutes of 1845, Secs. 4 and 14, Ch. 26, and were merely re-enacted in the revision of 1874. They clearly do not repeal directly, or by implication, the provisions of said Sec. 40, but all these are to be considered and construed together.

In Town of Nokomis v. Harkey, 31 Ill. App. 107, it was held that in a prosecution under the town ordinance, begun before a justice of the peace, and removed, by appeal, to the Circuit Court, the town was not liable for cost.

While the section referred to relates wholly to the fees of justices of the peace and police magistrates, so far as it fixes a scale of charges, yet it also contains a provision as to the fees of constables, jurors and witnesses in criminal cases, and then follows the clause above quoted. Counsel insist that this clause with its proviso relates only to proceedings before justices of the peace, or originating there and removed by appeal to courts of record, and that it can not be applied to original suits brought in courts of record. It is also urged that by the statute relating to costs, as the same is to be construed under Div. 5, Sec. 1, Ch. 131, a municipality suing to recover for a violation of its ordinances should be held for costs the same as any other plaintiff who may fail to recover. And it is argued that, while by section 17 of the costs act, the people, the governor and the county are exempt from liability for cost, there is no such exemption provided for municipal corporations when seeking to enforce their ordinances.

Laws are to be construed according to their spirit, and not always according to their mere letter. The taxation of costs and recovery therefor depend upon the statute.

It is, of course, conceded that the sovereign power is not chargeable with costs, or liable to advance costs in order to obtain writs and service thereof. The city or town is a

mere agency of the legislature for the purpose of enforcing local government, and is invested with power to enact and enforce ordinances on a great variety of subjects, thereby relieving the State from considerable burdens in respect to such matters. When the city or town is suing to enforce its ordinance, it is performing a public function just as the State is when prosecuting by indictment or information.

Now, considering all the sections referred to, and the nature of the prosecution by a city or town, it is, to say the least, a matter of grave doubt whether it was intended by section 40 to provide only for cases arising before justices of the peace.

The spirit and policy of the law would seem to include all "criminal and *quasi* criminal prosecutions for the violation of ordinances," as well those originally brought in courts of record, as those originating in the lower courts.

Again, the petition seeks to require the village to pay to the relator all the costs of the case.

While he has no interest in any except as to the amount due for his fees, he asks that the amount due the sheriff and the witnesses be also paid to him. He has no right to ask that anything beyond his fees should be paid to him. The village, if bound to pay, would certainly have the right to pay directly to parties to whom the money belongs.

The rule is familiar that in mandamus proceedings the relator must show a clear legal right to the relief prayed.

We are inclined to think the demurrer to the petition was properly sustained, and the judgment of the Circuit Court will therefore be affirmed.