31 LRA 528

## JULIA ANDERSON

### *v.*

## JOHN C. SCHUBERT.

*Filed at Springfield October 14, 1895.*

| | |
|---|---|
| 158 | 75 |
| 159 | 300 |
| 158 | 75 |
| 183 | 644 |
| 158 | 75 |
| 183 | 644 |
| 158 | 75 |
| 101a | 1590 |
| 158 | 75 |
| 212 | 8 87 |

1. COSTS—*a municipal corporation is not liable for costs.* On acquittal of defendant in a prosecution under a municipal ordinance, judgment for costs cannot be entered against the municipality. *Town of Nokomis* v. *Harkey*, 31 Ill. App. 107, approved.

2. SAME—*one appealing from conviction under ordinance need not advance costs.* One appealing from a conviction before a justice for violating a municipal ordinance is not bound to advance the costs in the appellate court as a condition of having the cause docketed therein, since such defendant could not, under the statute, (1 Starr & Curtis, p. 1139, sec. 40,) on his final acquittal, recover costs from the municipality.

3. SAME—*act of 1893 requiring appellant to advance costs does not apply.* The statute requiring an appellant from a justice's judgment to

advance ten dollars for the use of the clerk of the court to which the appeal is taken, (Laws of 1893, p. 105,) has no application to a defendant appealing from a conviction under an ordinance.

*Anderson* v. *Schubert*, 55 Ill. App. 227, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

JOSEPH B. DAVID, for appellant.

Mr. JUSTICE BAKER delivered the opinion of the court:

On March 29, 1894, appellant was tried before a justice of the peace in the city of Chicago for the violation of a municipal ordinance, found guilty and fined $100, for which sum and the costs in the case judgment was entered against her. On April 2 she and her counsel, with the proper papers, sought to perfect an appeal from said judgment to the Criminal Court of Cook county. The clerk of that court approved the bond, but refused to docket the case because appellant would not pay in advance the fee of ten dollars demanded by him. On April 7 appellant moved the court for a rule on the clerk that he docket the said cause without the payment by her to him, in advance, of any costs or docket fee. The motion was denied and exception taken. From the order entered denying the motion an appeal was taken to the Appellate Court. That court affirmed the ruling below, and allowed an appeal to this court, certifying to the importance of the question involved. That question is, whether or not appellant is entitled to have her appeal docketed in the Criminal Court without first paying to appellee, the clerk of that court, the fee demanded by him.

In *McArthur* v. *Artz*, 129 Ill. 352, it was held that where a person is charged before a justice of the peace with the commission of a criminal offense, and is fined by the justice, he need not, in case he appeals from the judgment of the justice, pay any costs in advance in order to have

the cause docketed in the court to which such appeal is taken. The ground upon which this decision was based was, that inasmuch as a defendant who is to be tried upon a criminal charge cannot, in the event he is acquitted, be required to pay costs, he is therefore not required to advance them, since he could not, in such event, recover them back where the proceeding is in behalf of the People. Does the case at bar come within the reason of this decision, so as to be governed by it?

This is a *quasi* criminal prosecution, for the violation of a city ordinance. No statute in express terms makes the city liable for costs therein in the event the suit results in the acquittal of the defendant. In section 40, chapter 53, entitled "Fees and Salaries," (Starr & Curtis' Stat. p. 1139,) it is provided "that the costs in criminal and *quasi* criminal prosecutions for the violation of an ordinance of an incorporated city or town, where the provisions of the charters of such towns or cities do not prohibit the payment of such costs, may be paid by such city or town, in the discretion of the city council or board of trustees of such incorporated cities or towns." Under this statute it is left to the discretion of the municipal authorities to pay costs or not. It has been held in *Town of Nokomis* v. *Harkey*, 31 Ill. App. 107, and in numerous subsequent Appellate Court decisions, that a municipal corporation is not liable for costs made in prosecuting supposed violators of its ordinances, and that a judgment for costs cannot be entered against it when the defendant in any such prosecution is acquitted. And in *Holmes* v. *City of Mattoon*, 111 Ill. 27, it was said that municipalities, such as counties, cities, towns, etc., "are the instruments of the State to carry out its powers for the public welfare, and in exercising their powers and enforcing public rights they act as agents, and may have extended to them the same exemptions in suits as belong to the State. Municipal bodies act for the State, and, to the extent authorized, exercise the powers of government,

and when so exercising such powers they may, when so authorized, do so without conforming to all of the requirements imposed by the practice on natural or artificial persons created for the purposes of business or gain."

The decision in the case last cited and the decisions of the Appellate Court are based upon the same principle, and we approve of the decisions made by the latter court. The city of Chicago, therefore, would not be liable for payment of the costs made in this case if appellant should be acquitted on the trial of her appeal. Hence, if appellant should advance the costs demanded by appellee, she could not, in the event of her acquittal, recover them back from the city. We think this case comes within the rule laid down in *McArthur* v. *Artz, supra,* and that appellant is not required to pay to appellee any costs before it becomes his duty to docket her appeal, otherwise, if she should be acquitted she would be out of pocket the amount so advanced, and it would be neither just nor reasonable that she should be compelled to pay the costs of court in a prosecution upon a charge of which she was found not guilty.

Appellee relies upon section 33, chapter 53, (Starr & Curtis' Stat. p. 1135,) as amended in 1893, (Laws of 1893, p. 105,) as warranting his action and sustaining his contention. Said section, which applies only to counties having a population exceeding 70,000, provides, among other things, that in all cases of appeal from a justice of the peace, where the appellant shall file in the office of the justice of the peace in such counties his bond required by section 62 of the chapter entitled "Justices and Constables," he shall also, at the same time, pay to the justice, for the use of the clerk of the court to which the appeal is taken, the sum of ten dollars, to be taxed as costs in the suit, and that upon failure to do so it shall be the duty of the justice not to allow the appeal. The amendment referred to consisted in changing the amount of the docket fee from six to ten dollars. In the

light of what we have said, it is plain this section has no more application to the case we are now considering than it had to *McArthur* v. *Artz, supra.*

It follows, then, that the Criminal Court of Cook county erred in overruling appellant's motion. The judgments of that court and of the Appellate Court are therefore reversed, and the cause remanded to said Criminal Court.

*Reversed and remanded.*