## Tapp, Leathers & Co. v. D. B. Greenwald.

1.  BILL OF EXCEPTIONS—*Must be Signed and Sealed to be a Part of the Record.*—A bill of exceptions in order to be a part of the record must be signed and sealed by the trial judge.

2.  APPELLATE COURT PRACTICE—*Assignments of Error Not Argued Are Waived.*—Assignments of error not discussed in argument are held to be waived and abandoned.

3.  VERDICT—*Where Trial Court is Warranted in Setting it Aside.*— Only in cases where the verdict is so manifestly against the weight and preponderance of the evidence as to justify the inference that it is the result of passion, prejudice or mistake, will the trial court be warranted in setting it aside.

Appeal from the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

J. WILSON JONES and FITZGERALD & DUFFIN, attorneys for appellant.

R. BARNETT, attorney for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In this case we are relieved from consideration of the errors assigned for the reason that what purports to be a

bill of exceptions, not having been signed or sealed by the trial judge, is no part of the record. Hammond v. Doty, 84 Ill. App. 19, and Kruse v. People, Ib. 620.

In argument the appellant presents only one contention, that the verdict is not warranted by the evidence. All other matters of complaint within the assignment of errors not discussed in argument are held to be waived and abandoned. Dorn v. Ross, 177 Ill. 225; Grafton v. Mooney, 89 Ill. App. 622.

Only in cases where the verdict is so manifestly against the weight and preponderance of the evidence as to justify the inference that it is the result of passion, prejudice or mistake, will the trial court be warranted in setting it aside.

After due consideration of the argument and examination of the testimony as it appears in the abstract and purported bill of exceptions, we do not find sufficient grounds to reverse the case.

Judgment of the Circuit Court is affirmed.