(No. 4050—

Nelson Potter, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 11, 1948.*

*Motion of Claimant to set aside Opinion denied September 21, 1948.*

Messrs. Fearer and Nye, Attorneys for Claimant.

Hon. George F. Barrett, Attorney General, and C. Arthur Nebel, Assistant Attorney General, for Respondent.

Bergstrom, J.

The complaint of Nelson Potter, filed November 28, 1947, alleges that claimant paid fines totaling $150.00, and court costs totaling $27.60, or a total of $177.60, in three cases wherein complaints were brought by an employee of the State of Illinois, Department of Conservation, for violation of the game laws of the State of Illinois. It is further alleged that appeals were prosecuted to the Circuit Court of Ogle County, bearing the docket numbers 3048, 3049 and 3050, and that in each case, on motion of the defendant, the court found that a cause of action was not stated against the defendant,

that the complaint and warrant failed to properly charge the defendant with violation of the game laws of the State of Illinois, and therefore ordered the fines and costs paid returned to the defendant, Nelson Potter, claimant herein.

Claimant further alleges that the fine and costs in each case were forwarded by the justice of the peace to the State Treasurer of the State of Illinois for the Department of Conservation, and have not been returned to him.

This case is now before us on motion to dismiss made by the Attorney General on the ground that the moneys paid by claimant were paid voluntarily and not under any mistake of fact. The complaint does not set up which provisions of the game law the claimant was charged with violating, his plea thereon, and the fact showing the perfection of his appeal; nor does it state said fines were paid under a mistake of fact, and why.

Under Sec. 8 of the Game Code (Ch. 61, Par. 142, Illinois Revised Statutes 1947), it was the duty of the justice of the peace to remit the said fines to the Department of Conservation thirty (30) days after their collection, or be subject to severe penalty for his failure to do so; and Sec. 19 of the Game Code (Ch. 61, Par. 153, Illinois Revised Statutes 1947) provides that the said fines shall be deposited with the State Treasurer, to be used for the purposes in said statute provided.

When claimant paid his fine to the justice of the peace, it became his duty to immediately dispose of it as by statute provided. However, there is no reason why the claimant should have paid his fine and costs in view of the fact that the record shows that he appealed the decision of the justice of the peace to the Circuit Court of Ogle County. The statute plainly gives him this right

of appeal (Ch. 79, Par. 173, Illinois Revised Statutes 1947); and upon his filing of appeal bond it provides that the justice of the peace shall suspend all proceedings in the case (Ch. 79, Par. 116, Illinois Revised Statutes 1947). The filing of an appeal, and approval of the appeal bond, operates as a *supersedeas*.

Claimant is charged with knowledge of his rights provided by law, and payments made under such circumstances cannot be said to have been made under a mistake of fact. The law does not require a defendant who takes an appeal from a justice of the peace to pay either the costs or the fine imposed by the justice of the peace, but if the said cost or fine is paid, it cannot be recovered upon a subsequent acquittal. *McArthur* v. *Artz,* 129 Ill. 352; *Anderson* v. *Shubert,* 158 Ill. 75; and where a fee or tax is paid voluntarily, with knowledge of the facts, the same cannot be recovered back, in the absence of a statute authorizing recovery. *American Can Co.* v. *Gill,* 364 Ill. 254; *Cooper Kanaley & Co.* v. *Gill,* 363 Ill. 418; *Warren* v. *State,* 14 C.C.R. 84; *Orchard Theatre Corp.* v. *State,* 11 C.C.R. 271; *Whiting Paper Co.* v. *State,* 13 C.C.R. 136.

It is apparent that claimant herein was not required to pay either the fine or the costs, and we must conclude that he voluntarily paid the said moneys to the justice of the peace with knowledge of the facts, which the justice forwarded to the Department of Conservation as the statute requires, and which the Department has deposited in the Treasury of the State of Illinois. The claimant had knowledge of his right to appeal, as evidenced by his subsequent action, and he should have had knowledge that he was not obligated to pay the fine or costs while his appeal was pending. To have made such a payment, even though it may have been by inad-

vertence on his part, nevertheless was mistake or error on his part, which the law under such circumstances, considers as a voluntary payment. The rule is the same where such payment is made under a mistake of law.

In the case of *Furgeson* v. *Butler County*, 247 S. W. 795, the Missouri court said:

> "If plaintiff in the instant case had been imprisoned for failure to pay the excessive fine imposed upon him, he would be entitled to his discharge therefrom under a writ of *habeas corpus*, but the payment of the excessive fine was made in full knowledge of all the facts and by mutual agreement and without duress. The payment was made under a mistake of law. The general rule is that recovery cannot be had under such circumstances."

For the reasons stated, the motion of respondent to dismiss must be sustained.

Case dismissed.