(No. 4552-)

RICHARD F. SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 26, 1953.*

MALO, NELSON, BROCK AND SHEARON, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FARTHING, J.

We have for our consideration in this case the complaint, the motion of respondent to dismiss the complaint, and brief and argument of respondent.

The facts, well pleaded, must, of course, be taken as true. In brief they show that claimant was arrested on January 24, 1952, and the next day information was filed in the County Court of Iroquois County, Illinois charging him with violation of Sec. 131 of the "Uniform Act Regulating Traffic on Highways". He was tried in said Court, convicted, and fined on January 28, 1952. He paid a total fine of $1,472.80 on that day.

He was discharged, but later on February 7, 1952 he filed a motion in arrest of judgment, and this motion was allowed by the Court on November 20, 1952.

The money for said fine had been paid by claimant to the Clerk of the County Court, and by him remitted to the State Treasury.

No statute is cited making provision for repayment of a fine voluntarily paid. Such a voluntary payment is made under a mistake of law, if it develops later that the fine should not have been imposed.

This Court dismissed the suit in *Potter* vs. *State*, 18 C.C.R. 1. In that case there had been an appeal, and a holding that no violation of Illinois law had in reality been charged against Potter in the prosecution. His fine and costs were ordered repaid. He had paid the fine and costs, and the money had been paid into the State Treasury, just as in the instant case.

Similarly, when a fee or tax is paid voluntarily, with knowledge of the facts, it cannot be recovered in the absence of a statute authorizing such recovery. *Great American Ins. Co.* vs. *State*, 19 C.C.R. 91; *American Can Co.* vs. *Gill*, 364 Ill. 254.

The County Court of Iroquois County lost jurisdiction when the fine and costs were paid. The payment was made under a mistake of law, and was voluntary.

Respondent's motion to dismiss this cause must, therefore, be, and it is hereby allowed.