(No. 80-CC-1337-

CAYMAN ASSOCIATES, LTD., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 12, 1980.*

ROE, C. J.

This cause coming on to be heard on the motion of Claimant for summary judgment, due notice having been given, and the Court being fully advised in the premises.

This claim arose out of a proceeding in the Circuit Court of Cook County. The Illinois State Scholarship Commission filed a lawsuit against Craig Warren on February 15, 1977, based upon an alleged default on a guaranteed student loan. Judgment was entered in favor of the Commission on April 4, 1978.

The Commission then filed a wage deduction summons on June 2, 1978, to be served upon Cayman Associates, Ltd., Craig Warren's former employer and the Claimant herein, in order to collect the judgment

debt owed by Craig Warren. Final judgment was entered against Cayman on September 26, 1978.

The Commission then filed a non-wage garnishment summons on November 17, 1978, serving Continental Bank in Chicago, Illinois, which resulted in $6,305.91 being removed from Cayman's operating account and being sent in check form to the office of the Illinois Attorney General. From that office the funds went through proper channels, eventually being deposited in the General Revenue Fund of the State.

On July 18, 1979, the order entered against Cayman dated September 26, 1978, was vacated, the garnishment proceedings against Cayman dismissed, and the Circuit Court also ordered the monies previously removed from Cayman's account at the Continental Bank be returned. The order of vacation gave no rationale.

At this point an issue involving jurisdiction arose. The Commission moved to vacate that portion of the order July 18, 1979, which required it to return the funds on the grounds that Ill. Rev. Stat. 1977, ch. 37, par. 439.8(a) provides that the Illinois Court of Claims has exclusive jurisdiction to hear and determine all claims brought against the State of Illinois. There is nothing in the record before this Court indicating how the Circuit Court of Cook County ruled on this motion. Cayman did bring its claim to this Court however.

Rule 6 of the Rules of the Court of Claims and Section 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24—5) require that persons exhaust all other remedies before seeking final determination of their claims before this Court. Even though the motion of the Attorney General to vacate the Circuit Court's order may not have been ruled upon yet by that Court we feel that Claimant has sufficiently exhausted all other

remedies inasmuch as Claimant would have to come here to recover the funds allegedly due it regardless of the ruling by the Circuit Court. The Court of Claims has jurisdiction pursuant to section 8 of the Court of Claims Act. Ill. Rev. Stat. 1979, ch. 37, par. 439.8.

We now turn to the motion for summary judgment by Claimant. Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment shall be rendered if the record shows no genuine issue as to a material fact and that the moving party is entitled to the judgment as a matter of law. The record before us indicates that the State has in its possession funds obtained from Cayman pursuant to a void Court order. Thus the State has no legitimate interest in the funds and they should be returned to the Claimant.

The amount turned over to the State by the bank from Cayman's account was $6,305.91. In its complaint and again in its motion for summary judgment Claimant seeks interest and costs in addition to the above sum.

There is no authority for this Court to grant such added relief and we adhere to and hereby affirm our long standing position of denying interest and costs.

It is hereby ordered that the motion by Claimant for summary judgment be and hereby is granted, that Claimant be awarded the sum of $6,305.91, and that Claimant's request for costs of this litigation and interest be denied.