(No. 81-CC-2270– )

BRIDGEVIEW BANK AND TRUST COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 12, 1982.*

BLOCK, LEVY & BECKER, Chartered (ALVIN R. BECKER, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This claim is before the Court on Claimant's motion for summary judgment. Respondent concedes that the facts as stated in the complaint and motion are true and accurate and that, because there are no genuine issues of material fact, the claim should be adjudicated by summary judgment.

On February 6, 1978, final judgment was entered in favor of Respondent and against Claimant in the sum of $35,841.39 in a case in the circuit court of Cook County. Claimant was the depository bank of Bee Jay's Truck Stop, Inc., a defaulted taxpayer, against whom a judgment had been entered for nonpayment of taxes. Claimant thereupon prosecuted an appeal to the Appellate Court, First District. During the pendency of the appeal Claimant paid the $35,841.39 to Respondent, plus interest of $716.82. On June 18, 1980, the judgment appealed from was reversed and the mandate of the appellate court issued on November 13, 1980. Thereafter, Claimant filed a petition for restitution of the funds paid to Respondent. Respondent filed a reply to that petition, alleging *inter alia* that although Claimant had paid the judgment, plus post-judgment interest, relief was unavailable because Claimant failed to post an appeal bond and the monies paid by Claimant were paid into the general revenue fund, thereby depriving the circuit court of jurisdiction. The circuit court by order dated February 6, 1981, denied Claimant's petition for restitution, pre-

sumably on the above-stated grounds although the order does not state so specifically.

In its argument in support of the motion for summary judgment, Claimant cited several cases on point from various courts in the judicial branch of government of this State. Respondent conceded that if this claim were between two private parties Claimant would be entitled to judgment. While not explicitly contesting Claimant's motion, Respondent did file a response stating that the fact that the money was paid over to the State and deposited into the general fund may place what would otherwise be a valid claim on a different footing. Although unable to cite any cases on point, Respondent did file a memorandum setting forth several points for our consideration. Claimant sought to distinguish the cases cited by Respondent in a reply memorandum.

In *Cayman Associates, Ltd. v. State* (1980), 33 Ill. Ct. Cl. 301, we granted summary judgment in favor of Claimant on nearly identical facts. While that case did not involve a tax dispute, it did involve a claim for monies paid pursuant to a subsequently overturned judgment. In *Cayman*, the Illinois State Scholarship Commission obtained a judgment against an individual based upon an alleged default on a guaranteed student loan. A wage deduction summons was served on Cayman Associates, Ltd., the individual's former employer and final judgment was entered against Cayman. The Commission then filed a non-wage garnishment summons on a bank which resulted in money being removed from Cayman's operating account and eventually ending up in the State's general revenue fund. Later, the order entered against Cayman was vacated, the garnishment proceedings against Cayman were dismissed, and the monies previously removed from Cayman's account were ordered

to be returned. Cayman also had to come to this Court for relief. No response to Cayman's motion for summary judgment was made by Respondent and on the issue of the motion we said:

"The record before us indicates that the State has in its possession funds obtained from Cayman pursuant to a void court order. Thus the State has no legitimate interest in the funds and they should be returned to the Claimant." *Cayman, supra*, p. 303.

Respondent cited several cases relating to the voluntary payment of fines, taxes, and fees rather than voluntary payment of a judgment. In *Potter v. State* (1948), 18 Ill. Ct. Cl. 1, the Claimant paid fines to the State following a decision of a justice of the peace on complaints brought against him by the Department of Conservation for alleged game law violations. On appeal to the circuit court of Ogle County, the complaints were found to have been insufficient and the fines were ordered to be returned to the Claimant. Judge Bergstrom noted that since an appeal was taken, Claimant could have filed an appeal bond to stay the enforcement of the fine. In denying recovery the Court held:

"The law does not require a defendant who takes an appeal from a justice of the peace to pay either the costs or the fine imposed by the justice of the peace, but if the said cost or fine is paid, it cannot be recovered upon a subsequent acquittal (citing cases); and where a fee or tax is paid voluntarily, with knowledge of the facts, the same cannot be recovered back, in the absence of a statute authorizing recovery." *Potter, supra*, p. 3.

A similar decision was reached in *Smith v. State* (1953), 21 Ill. Ct. Cl. 459. There the Claimant voluntarily paid a traffic fine upon conviction which was later reversed. Relying on the *Potter* decision, *supra*, in denying recovery, the Court again held that a voluntary payment of a fine and costs cannot be recovered absent statutory authorization.

As was previously noted, both *Potter* and *Stewart* were cases involving fines and costs. The other cases

cited by Respondent involved taxes and fees. They were all paid as a result of mistake, overpayment, statutory violations, or pursuant to unconstitutional statutes. The law appears to be well settled in the Court of Claims and constitutional courts that in the absence of an authoritative statute and a showing of compliance therewith by the plaintiff, voluntary though erroneous payments of fines, costs, fees, and taxes cannot be recovered.

We find that the cases cited by Respondent are inapplicable. The case at bar involved the payment of a civil judgment by a third party. The relationship between Claimant and Respondent was not that of taxpayer-sovereign. Under the facts in this case the relationship between the parties was simply that of judgment debtor-creditor. We feel that under such circumstances the State is not in the same position as it would be in a situation involving taxes, fees, costs, and fines. The fact that the funds have been redeposited in the ordinary course of procedure into the State's general revenue fund, while operating as a bar to an enforceable order of refund by a constitutional court, is of course no bar to judgment in this Court. In the ordinary case, a judgment creditor may voluntarily pay a judgment and still prosecute an appeal without waiving rights for relief, and upon reversal of a judgment by appeal, an appellant who has paid the judgment is entitled to receive the monies previously paid back. That is the situation in the case at bar.

Failure to exercise the option under Supreme Court Rule 305 (Ill. Rev. Stat. 1977, ch. 110A, par. 305) to post an appeal bond is not a bar to recovery. That rule is permissive and not mandatory. Although Claimant might have avoided the present litigation by doing so, it was its prerogative.

It is hereby ordered that Claimant's motion for

summary judgment be, and hereby is granted, and Claimant is hereby awarded the sum of $36,558.21.