CITY OF CARTERVILLE, Respondent, v. WILLIAM CARDWELL, Appellant.

Springfield Court of Appeals, December 5, 1910.

1. **MUNICIPAL CORPORATIONS: Costs: Violating City Ordinance: Taxing Attorney's Fees on Appeal.** Defendant was convicted in a police court for violating a city ordinance. He appealed to the circuit court, where he pleaded guilty and was fined five dollars. The clerk in entering the costs, included a fee of twenty-five dollars for the city attorney. The ordinance allowing the attorney this fee had not been introduced in evidence, but was exhibited to the clerk. Defendant filed a motion to retax these costs, which was overruled, and he appealed. *Held*, that there was nothing to show that the fee was unreasonable or not properly taxed, and that it would be a useless thing to require the court to sustain the motion, and then upon the introduction of the ordinance, re-enter the judgment with this item of cost included.

2. ——— : ——— : ——— : **Power to Fix Fees.** Cities of the fourth class have the power to fix by ordinance, fees of the officers in prosecutions for violation of city ordinances, which may be taxed and collected as costs in the case.

3. ——— : ——— : ——— : ———. There is a material difference between a prosecution for the violation of a city ordinance, and a suit by a city for the collection of a tax. In the former case a city of the fourth class has the power to provide for an attorney's fee to be taxed as costs, but in the latter case no such power has been given.

4. **COSTS: Fees.** As between a party to a suit and the officer or witness the charges allowed are usually denominated fees; but as between the parties to the suit, these charges are usually called costs. The word "costs" when used in relation to the expenses of legal proceedings, means the sum prescribed by law as charges for the services enumerated in the fee bill.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) Municipal corporations only have such powers as are expressly conferred or fairly or necessarily implied, and such as are essential to the declared objects and purposes of the corporation. Joplin v. Leckie, 78 Mo. App. 8; Independence v. Cleveland, 167 Mo. 384; St. Louis v. Telephone Co., 96 Mo. 623. (2) The following sections of the Revised Statutes of Missouri for 1899 define the powers of a city of the fourth class, viz., 5958-5960-6000 and 5918. (3) The right to provide for the taxation of a fee in favor of the attorney for a city is not reasonably incident to the power conceded to the city of Carterville in its charter. Cape Girardeau v. Riley, 72 Mo. 223. (4) Attorney fees cannot be allowed as costs in a cause, save where there is an express statute to that effect. St. Louis v. Meintz, 107 Mo. 615; Waters v. Waters, 49 Mo. 385.

(5)   The rule is that all statutes in relation to costs must be construed strictly, and an officer cannot legally claim remuneration unless the state has expressly conferred the right.   Shedd v..Railroad, 67 Mo. 690; Ford v. Railroad, 29 Mo. App. 616; Jackson Co. v. Stone, 168 Mo. 581; State ex rel. v. Wilder, 197 Mo. 32.

*A. M. Baird* for respondent.

(1)   A city of the fourth class, in Missouri, has express charter powers to tax the cost of a prosecution for a violation of its ordinance against the defendant in the event of a conviction, to compel defendant to work out the fine and costs on the streets and public buildings in case of a failure to pay same; and the costs are as much a part of the judgment as the fine. In re Miller, 44 Mo. App. 125; Boucher v. Moberly, 74 Mo. 113; Fortner v. Higginsville, 106 Mo. App. 560; Hughlett v. Wellsville, 75 Mo. App. 341; Carr v. St. Louis, 9 Mo. 191; Neiswanger v. Kansas City, 71 Mo. 36; Fosselman v. Springfield (Ill.), 28 N. E. 916; Gibson v. Zansville, 31 Ohio St. 184; Kemp v. Monett, 95 Mo. App. 452; Warrensburg v. Simpson, 22 Mo. App. 695.   (2)   The board of aldermen has the power to fix the compensation of all officers of the city.   R. S. 1909, sec. 9324.   (3)   When the word "compensation" is used, it is wider than the word "salary" and embraces fees.   29 Cyc. 1428; State ex rel. v. Holladay, 67 Mo. 64; Kilgore v. People, 76 Ill. 548.   (4)   It is well settled that municipal corporations may exercise all powers within the fair intent and purpose of their creation, which are reasonably proper to give effect to the powers expressly granted, and in so doing they have the choice of the means adapted to the ends and are not confined to any one mode of operation.   28 Cyc. 263; Aurora Water Co. v. Aurora, 129 Mo. 575; State ex rel. v. Walbridge, 119 Mo. 383; 1 Dillon's Municipal

Corporations (4 Ed.), sec. 91; Independence v. Cleveland, 167 Mo. 534; 28 Cyc. 275; Barber Paving Co. v. French, 158 Mo. 534; Swindell v. State ex rel. (Ind.), 42 N. E. 528. (5) The taxation of attorney's fees as costs in criminal cases is the legislative policy of this and other states and are proper items of costs in order to prosecute the guilty at their own expense. R. S. 1909, sec. 10696; 32 Cyc. 698; Welch v. Hotchkiss, 39 Conn. 140; 1 Dillon's Municipal Corporations (4 Ed.), sec. 406; Skinker v. Heman, 148 Mo. 349. (6) It will be presumed that an ordinance is reasonable and it is incumbent on him who claims that an ordinance is unreasonable to prove the facts that make it so. 28 Cyc. 396; St. Louis v. Theatre Co.. 202 Mo. 690; Chillicothe v. Brown, 38 Mo. App. 615; People ex rel. v. Cregier, Mayor (Ill.), 28 N. E. 812; New York v. Railroad (N. Y.), 30 N. E. 563, 11 L. R. A. 410. (7) A fee of $25 is not unreasonable in the absence of any evidence showing that it is excessive. State v. Arnold (Iowa), 67 N. W. 252. (8) Judgment having been rendered for "fine and costs" the clerk was the proper officer to tax the fee in question, but if there were any irregularities in the first instance they were cured when the trial court ruled upon the motion to re-tax. R. S. 1909, secs. 2284, 2285, 9539; Clark v. Hall, 33 Mo. App. 120; State ex rel. v. Railroad, 78. Mo. 577; Bobb v. Graham, 15 Mo. App. 289; Haseltine v. Railroad, 39 Mo. App. 434; State v. McO'Blenis, 27 Mo. 508; Tittman v. Thornton, 35 Mo. App. 512; Bosley v. Parle, 35 Mo. App. 232; Mann v. Warner, 22 Mo. App. 577; 11 Cyc. 146, 149, 154, 155, 288; 13 Cen. Dig., sec. 753.

GRAY, J.—The city of Carterville at all times hereinafter mentioned, was a city of the fourth class in Jasper county, Mo. The defendant was convicted in the police court of the city, on a complaint filed, charging him with the violation of one of the ordinances of the city. He appealed to the circuit court and

there entered a plea of guilty and a fine of five dollars was assessed. The clerk in entering up the costs included a fee of twenty-five dollars for the city attorney. A motion was filed by the defendant to retax that item of costs. The motion was overruled and the defendant appealed.

At the time the plea of guilty was entered, the ordinance allowing the city attorney a fee of twenty-five dollars in cases appealed to the circuit court, was not offered in evidence, but the same was exhibited to the clerk, who included that item in his cost bill. The ordinance provides in a case in the police court wherein the defendant is convicted or enters a plea of guilty, a fee of five dollars shall be assessed in favor of the city attorney; and in case the cause is appealed to the circuit court and a plea of guilty is entered or a conviction obtained, a fee of twenty-five dollars shall be allowed the city attorney as costs. The ordinance further provides that in no event shall the city be liable for these costs.

The appellant claims that the fee is not authorized by law, and if it is, it was not properly allowed in this case, because the ordinance was not introduced before the court, and the court did not make the allowance, but it was made by the clerk as above stated.

In our opinion, if the fee was properly taxable as costs in the case, then it would be an unnecessary and useless thing for the court to sustain the motion to retax the costs and then re-enter the judgment with the item of costs included.

Section 9339, Revised Statutes 1909, found in the charter of a city of the fourth class, reads: "If the defendant plead or be found guilty, the mayor or police judge shall declare and assess the punishment prescribed by ordinance according to his finding or the verdict of the jury, and render judgment accordingly and for costs of suit; and it shall be a part of said

judgment that the defendant stand committed until judgment is complied with."

Section 9312 of the charter, after providing that the mayor shall have power to remit fines or forfeitures, reads: "But this section shall not be so construed as to authorize the mayor to remit any costs which may have accrued to any officer of said city by reason of any prosecution under the laws or ordinances of such city." Section 9324 reads: "The board of aldermen shall have power to fix the compensation of all the officers and employees of the city, by ordinance." Section 9344 reads: "The city shall in no event be held liable for any costs or fees to any officer of the city in any cause tried before the mayor, unless the defendant be convicted and committed."

As between a party to a suit and the officer or witness, the charges allowed are usually denominated fees; but as between the parties to the suit, these charges are usually called costs. The word costs when used in relation to the expenses of legal proceedings, means the sum prescribed by law as charges for the services enumerated in the fee bill. [City of St. Louis v. Meintz, 107 Mo. l. c. 615, 18 S. W. 30.]

The appellant has called our attention to the case of the City of Cape Girardeau v. Riley, 72 Mo. 220, wherein a fee allowed the city attorney under a municipal ordinance, was held to be invalid. In that case the defendant was not prosecuted for the violation of a municipal ordinance, but it was an ordinary civil suit to collect a tax. We think there is a material difference in the two cases. Costs in criminal proceedings are those charges fixed by law which have been necessarily incurred in the prosecution of one charged with a public offense, as compensation to the officers for their services. [Encyclopedia of Pleading and Practice, vol. 9, page 955.]

The Supreme Court of Wisconsin, in Noyes v. City, 1 N. W. 1, said: "As a rule costs are given to

the prevailing party in civil actions. And the statutes giving them, might include the state, when it sues or permits itself to be sued in civil actions. There is a broad distinction between the status of a state instituting a prosecution in its sovereign capacity, to assert its sovereign rights, to enforce its public laws or to protect its citizens, and the status of a state suing to enforce mere rights of property, as a private person might do in like case.''

It is the common practice of cities in this state to provide by ordinance a fee for the city attorney to be taxed as costs against the defendant in the police court. And the same right to allow the fee for services rendered in the police court would authorize the allowance of a fee on appeal. It is claimed that the fee is unreasonable, but no evidence was offered showing that fact, and we do not deem the fee so unreasonable as to authorize us, without testimony, to declare the ordinance void.

The validity of such an ordinance has been recognized by the courts of appeals in this state. [City of Warrensburg v. Simpson, 22 Mo. App. 695; Kemp v. Monett, 95 Mo. App. 452, 69 S. W. 31.]

No reason has been assigned why the ordinance should have been read to the court at the time the plea was entered. The fee was fixed by the municipal ordinance, and the clerk in taxing the fees allowed the different officers, included the fee allowed the attorney by the ordinance. If the defendant desired to question the action of the clerk in this respect, he was authorized as he did do, to file a motion to retax the same or have it stricken from the list of fees in the case.

We find no reversible error in the case, and the judgment will be affirmed. All concur.