## ALEXANDER *v.* WALTON, sheriff.

One adjudged guilty of a misdemeanor and sentenced to pay a fine of fifty dollars " and the costs of this prosecution," and in default of the payment thereof to be confined in the chain-gang for a stated term, can not be held in custody or compelled to labor on the chain-gang for fees due officers of court for services which they were required by law to render in proceedings instituted by him, subsequently to his conviction and sentence, to review and reverse such judgment and sentence, though liable to judgment for such fees as costs.

No. 2180.　JUNE 18, 1921.

Habeas corpus. Before Judge Park. Putnam superior court. August 2, 1920.

*R. C. Jenkins,* for plaintiff.

GEORGE, J. Sidney Alexander was tried and convicted in the county court of Putnam county, for carrying a pistol without a license — a misdemeanor offense under the Penal Code. Acts 1910, p. 134; Park's Ann. Code, § 348 (a). The sentence imposed upon the defendant was as follows: "Whereupon it is considered and adjudged by the court that the defendant, Sidney Alexander, do pay a fine of fifty dollars and the costs of this prosecution, and in default thereof that he be confined in the chain-gang for the term of twelve months, to be computed from the time he is received in the said chain-gang, and that he be thence discharged." For the purpose of reviewing and reversing the judgment of his conviction, Alexander filed a petition for the writ of certiorari, making a pauper's affidavit, as provided by statute, of his inability to pay the costs. The writ was ordered to issue, and upon the hearing of the petition the same was dismissed and a new trial refused. To review and reverse this judgment Alexander carried his case to the Court of Appeals by bill of exceptions, filing an affidavit of his inability to pay the costs, as provided by statute. The judgment dismissing the petition for certiorari and denying a new trial was affirmed by the Court of Appeals. After the judgment of the Court of Appeals had been made the judgment of the superior court, the defendant was taken into custody by the sheriff of the county. He thereupon tendered the full amount of the fine 'imposed by the trial judge and all costs which had accrued to the date of his conviction and sentence in the county court. The tender was refused, upon the ground that the fees due the clerk and sheriff in the proceeding for certiorari and the fees due the clerk of the superior court for making up and transmitting the record to the Court of Appeals were "costs" of the prosecution and covered by the sentence imposed upon the defendant. Thereupon the defendant filed a petition for the writ of habeas corpus, in which he alleged the facts as stated above. In answer to the petition the sheriff admitted the facts as alleged. The judge of the superior court by whom the petition for habeas corpus was heard remanded the applicant to the custody of the sheriff, and he excepted.

The plaintiff in error, by making and filing affidavits in forma

pauperis in his petition for the writ of certiorari and for the purpose of prosecuting his writ of error to the Court of Appeals, was not altogether relieved from liability for the costs, but was simply entitled to have his case heard without the payment of costs as a condition precedent. See *Sigman* v. *Austin,* 112 *Ga.* 570 (37 S. E. 894). The Penal Code (1910), § 1105 provides: " The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after conviction on final trial. If convicted, judgment may be entered up against him for all costs accruing in the committing or superior courts, and by any officer pending the prosecution. The judgment shall have a lien on all the property of the defendant from the date of his arrest, and the clerk shall issue an execution, on the judgment, against said property. The court may also direct the defendant to be imprisoned until all costs are paid." The sentence did not in terms tax the defendant with any costs which might thereafter accrue in any proceeding to review and reverse the judgment of his conviction. For the collection of these fees a remedy is provided. The officers of court are entitled to an insolvent order, and they may also have execution against the plaintiff in error, but he can not, in the circumstances of this case, be legally held in custody or confined to labor on the chain-gang for the payment of these fees. But beyond this, " costs " and " fees " are generally altogether different in their nature. As was said by Chief Justice Brickell in Bradley *v.* State, 69 Ala. 318, " the one is an allowance to a party for expenses incurred in the successful prosecution or defense of a suit; the other, a compensation to an officer for services rendered in the progress of a cause." The word " costs," as employed in our Penal Code, seems to embrace officers' fees (*Davis* v. *State,* 33 *Ga.* 533), and such fees are, under our statute, taxable as " costs," but the nature or character of such fees or compensation is not thereby changed. The statute permitting the court to direct the defendant to be imprisoned until all " costs " are paid, is highly penal in its nature, and should be strictly construed. The " costs " for the payment of which a misdemeanor convict may be imprisoned are " costs " in the strict sense, that is to say, an allowance made to a party for the expense incurred in the successful prosecution or defense of a suit. Hence, " it is only the costs incurred by the State, or to which the State, if it were liable for costs, could be subjected,

for the payment of which a convict may be compelled to labor." Bradley v. State, 69 Ala. 318. This is also the view of the Supreme Court of Tennessee, as announced in Knox v. State, 9 Bax. 202 (2), where it was held: "Although the defendant be liable to judgment for his own costs, he can not be held in custody until he pay or secure the same; he is only bound for costs on behalf of the State." In view of the foregoing, it was error to remand the plaintiff in error to the custody of the sheriff.

*Judgment reversed. All the Justices concur, Atkinson, J., specially.*