# CHARLESTON.

## STATE v. J. C. McCOY.

Submitted May 10, 1922.    Decided May 23, 1922.

1. CRIMINAL LAW—*Presumption That Notice to Accused was Intended in Statute Authorizing Court or Judge to Cause Jurors to be Summoned from Another County when Qualified Jurors Cannot be Found in County Where Trial is to be Had.*

    Where a statute relating to the trial of criminal cases authorizes the court, or the judge thereof in vacation, if in the opinion of the court or judge qualified jurors not exempt from service can not be found in the county in which the trial is to be had, to cause jurors to be summoned from another county in the manner provided by the statute, but statute provides for no notice to the accused of such proposed proceeding, the court or judge should adopt such practice or proceeding as will attain the ends of justice and avoid surprise, and give the defendant, if accused of a felony, an opportunity to be present to defend his rights. And in all such cases it will be assumed that notice to the accused was intended by the legislature. (p. 264).

2. SAME—*Judgment Upon Conviction of One Charged With Felony by Jury Drawn from Another County in Absence of and Without Notice to Accused will be Reversed.*

    Where one charged with a felony has been tried and convicted by a jury drawn from another county upon an order entered in his absence and without notice to him, the judgment on the verdict will be reversed and the prisoner awarded a new trial. (p. 267).

3. SAME—*Judgment Upon Conviction of One Charged With Felony by Jury Drawn from Another County Reversed Without Consideration of Constitutionality of Statute.*

    Where one charged with a felony has been tried and convicted by a jury so drawn from another county, the court will reverse the judgment on this ground without consideration of the constitutionality of the statute, because not necessary to the relief sought. (p. 268).

Error to Circuit Court, Mingo County.

Action by the State against J. C. McCoy. The prisoner was convicted of murder, and he brings error.

*Reversed and remanded.*

*Harold W. Houston, Thomas West,* and *Charles J. Van Fleet,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing* and *R. Dennis Steed,* Assistant Attorneys General, for the State.

MILLER, JUDGE:

The grand jury of Mingo County, on August 27, 1921, returned an indictment against defendant and two others for the murder of one Staten.

On September 9th following, by an order entered in term, the circuit court, in the absence of defendant, upon the motion of the State, supported by the affidavits of the two jury commissioners and the sheriff of the county, filed, but not in the record, certified that it appeared to the court and that the court was of opinion that qualified jurors not exempt from service could not be conveniently found in the county of Mingo for the trial of the case, and it was thereupon ordered that fifty qualified jurors, not exempt from service, should be drawn and summoned from the county of Monroe, as required by law, to appear at the court house of said Mingo County on the 19th day of September, 1921, for the purpose of the trial of the case, and the clerk was directed to certify an attested copy of the order of the circuit court of said county to the circuit court of Monroe County, or the judge thereof in vacation.

On September 20, 1921, the defendants so jointly indicted, being set to the bar of the court, elected to be tried separately, and the State by the prosecuting attorney elected to try the defendant, J. C. McCoy, first, and announced that the State was ready for trial.

Whereupon defendant McCoy moved the court to set aside the order of September 9th, and also moved the court to quash the *venire facias* issued pursuant to said order and to discharge the jurors summoned thereunder and then in attendance upon the court, assigning the following grounds:

First; that the statute, section 21, chapter 116 of the Code, as amended by chapter 69, Acts 1921, contravenes section 14, article 3 of the Constitution of West Virginia,

and the sixth amendment to the Constitution of the United States, and is unconstitutional and void;

Second; that said order was entered in his absence, and without notice to or knowledge by him, and at a time when the case was not on trial or called for trial;

Third; That at the time said order was made there were then and still were over three thousand persons in said Mingo County subject to and qualified for jury service, and residents of and domiciled in said Mingo County, and that before said order was entered no examination of any kind had been made of said persons, on their *voir dire* or otherwise, to determine the necessity of calling jurors from Monroe County;

Fourth; that said order was not made and entered twenty days before the then present term—namely, September 5, 1921, nc twenty days before the term began, and that the proceeding relating to the drawing of the said jurors from Monroe County was not certified as required by law.

This motion of the prisoner was overruled, the court reaffirming its opinion that a fair and impartial jury could not be obtained in Mingo County to try the case; and on motion of the prosecuting attorney, it was further ordered that all the prior proceedings and orders relating to the summoning of the jurors from Monroe County be spread upon the record, to which the defendant by counsel objected and excepted.

Defendant thereupon entered his plea of not guilty, on which issue was joined by the State; and the jury was then impaneled and sworn; and the trial was proceeded with, resulting in a verdict of murder in the first degree, and the judgment of the court thereon that defendant be imprisoned in the penitentiary for the remainder of his life.

The evidence was not certified and is not before us for examination of any of the errors assigned relating thereto. Nor can the instructions to the jury, given and refused, though printed in the record, if properly before us, be considered.

The only questions we can consider are those presented by the motions of the defendant pertaining to the summoning of the jury to try the case.

The statute assailed as unconstitutional and void, and pursuant to which the jury was drawn to try the case, is as follows:

"And in any criminal case in any court, if, in the opinion of the court, or the judge thereof in vacation, qualified jurors, not exempt from serving, cannot be conveniently found in the county in which the trial is to be, the court, or the judge thereof in vacation, shall enter an order of record to such effect, and may cause so many of such jurors, as may be necessary, to be summoned from any other county. In said order the court, or the judge thereof in vacation, shall fix a day on which such jurors shall be required to attend, and in such order shall be indicated the county from which such jurors shall be drawn, and the number of such jurors to be drawn. An attested copy of such order shall be certified to the circuit court of the county designated, or to the judge thereof in vacation, and thereupon such circuit court or the judge thereof in vacation, shall, by order, direct that a jury be drawn, in the manner provided by law for the drawing of petit jurors in his county, and proceedings respecting the drawing of such jurors, including the names of the jurors so drawn, shall be certified by the clerk of the circuit court of the county designated to the clerk of the court wherein the trial is to be had. Thereupon, writ of *venire facias* shall be issued by the clerk of the court wherein the trial is to be, directed to the sheriff of the county wherein such jurors have been drawn, commanding him to summon the jurors so drawn to attend for jury service in the county wherein the trial is to be upon the day named in the writ. Said jurors shall attend for the purpose of the trial, and the jury shall be selected in the manner provided by law."

Section 14, article 3 of the Constitution, relied on, is as follows:

"Trials of crimes, and misdemeanors, unless herein other-

wise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county.''

If the defendant was entitled to notice and to be present and heard on the motion of the prosecuting attorney to summon a jury from another county, and before any action of the court thereon pursuant to said statute, a question presented by the second of his grounds assigned for setting aside the order and quashing the *venire facias* issued pursuant thereto, we need not consider any of the other grounds, for, if well founded, it will be sufficient to reverse the judgment; and the questions presented by the others may never arise, for the court may deny the motion of the prosecutor, and may sustain defendant's objection, in which event the constitutional questions relied on may never arise.

The statute does not in terms require notice to defendant; but in so important and vital a matter as the constitution of the jury or the place of trial, can it be assumed that the Legislature intended that the proceedings authorized should take place without notice to or in the absence of one accused of a felony? If it had been a motion by the prisoner for a change of venue, the State would have been entitled to a hearing and to oppose and even defeat the prisoner's motion unless good cause was shown therefor. In effect the summoning of a jury from another county amounts to a change of venue, and to give the statute a construction that would deprive one accused of crime of the right to be heard thereon, would at once condemn the law as invalid.

We are not wanting in precedents in this State on the question thus presented. In *Dixon* v. *Dixon,* 73 W. Va. 7, 9, following prior decisions, it is said to be within the power of courts, when administering statutes, to adopt such practice or procedure as will attain the ends of justice, avoid surprise and give the parties opportunity to answer charges seeking to impose liability upon them, and further-

more, that where a statute allows a judicial proceeding to a man's prejudice, though it do not provide for notice, it is understood to intend it, as no judgment can ·be given under it without process, and process is necessary. So also in *B. & O. Railroad Co.* v. *P. W. & Ky. Railroad Co.,* 17 W. Va. 812, it was decided that wherever a statute authorizes a legal proceeding against anyone and does not expressly provide for notice to be given, it is implied that an opportunity shall be offered him to appear in defense of his rights unless the contrary appear. In *Cooper* v. *Bennett,* 70 W. Va. 110, we decided that the summons and proceedings at rules can not be dispensed with by notice of an intention to apply to a court of equity for a final decree.

In this State the rule is firmly established that in felony cases nothing can be done lawfully in the absence of the prisoner affecting his rights, from the inception of the trial upon the indictment to the final judgment· inclusive, and that the record must show his presence. *State* v. *Parsons,* 39 W. Va. 464; *State* v. *Grove,* 74 W. Va. 702. In *State* v. *Sutter,* 71 W. Va. 371, the fact that the judge and the attorneys on both sides retired to an adjoining room and in the absence of the prisoner heard a motion to strike out the evidence of the State, was regarded such a denial of the prisoner's rights as to call for a new trial, although on discovery of his absence the judge offered to allow him to renew his motion, which he declined to do. In *State* v. *Stephenson,* 64 W. Va. 392, 399, it was held to be error invading the prisoner's rights and calling for reversal, for the court in his absence to call witnesses to be advised as to the character of the offense as to what judgment should be pronounced on the verdict returned by the jury on the trial before a special judge.

It would not be contended for a moment, in the face of our decisions, that the hearing of a motion by the accused for a change of venue could lawfully be conducted in his absence. Such a proceeding would be cause for reversal; and certainly where, as in this case, the motion to summon a jury from another county was by the State, the proceed-

ings should not be allowed to go on in the absence of the prisoner, whereby he might be deprived of the right to trial by a jury of his own county. We can not conceive of a proceeding more vital to the constitutional right of one accused of crime. He has the undoubted right to be present in person and by counsel at every turn in the case, and nothing can be done lawfully in his absence. In the comparatively recent case of *State* v. *Hoke,* 76 W. Va. 36, the rule just stated was invoked by the prisoner, who claimed that it had been violated by the order of the court made several days after conviction and final judgment, permitting the withdrawal of certain books of original entry which had been used in evidence, and it was properly decided that none of defendant's rights were thereby violated. But that case has no application bearing on the case at bar. The order of the court could have worked no prejudice to the rights of the accused.

As the error in the proceedings by which the jury was drawn from Monroe County is sufficient to call for reversal of the judgment and the award of a new trial, as already stated it will be unnecessary to consider the other grounds of defendant's motion, involving as they do the constitutionality of the statute under which the jury was drawn. In such cases the right of a defendant generally depends upon whether or not there is error in the record aside from the constitutional questions. *Edgell* v. *Conaway,* 24 W. Va. 747, 749. As nothing presented here necessarily calls for a decision of the other questions presented, we adhere to the general rule here and everywhere observed, that courts will not pass upon such questions except in cases of necessity. *Edgell* v. *Conway, supra; Shephard* v. *Wheeling,* 30 W. Va. 479; *Rutter & Co.* v. *Sullivan,* 25 W. Va. 427; *Peyton* v. *Holley,* 72 W. Va. 540, 542.

Our conclusion is that the judgment should be reversed, the verdict set aside, and the prisoner be awarded a new trial.

*Reversed and remanded.*