# CHARLESTON.

RAYMOND SEARS v. HON. JAKE FISHER, *Judge of the Circuit Court of Braxton County*

(No. 5672)

Submitted February 23, 1926. Decided March 2, 1926.

COSTS—*Expense of Boarding Convict, Made Public Charge on County or State, Held Not Taxable As Costs Against Accused at Common Law or by Statute (Code, c. 161, § 11, Chapter 137, § 22).*

The expense of boarding a convict, made a public charge on the county or State, is not taxable as cost against the defendant at common law or by statute in this State.

(Costs, 15 C. J. § 828.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by Raymond Sears for a writ of prohibition to be directed to Hon. Jake Fisher, Judge of the Circuit Court of Braxton County.

*Writ awarded.*

*G. B. Armstrong,* for petitioner.

LITZ, PRESIDENT:

The petitioner, Raymond Sears, seeks a peremptory writ of prohibition against the Hon. Jake Fisher, judge of the circuit court of Braxton county, to restrain him from further exercising jurisdiction in attempted enforcement of an alleged claim in favor of the State against petitioner for board while serving a term in jail.

By judgment of the circuit court of Braxton county, rendered July 28, 1923, the petitioner was required to pay a fine of $1.00 and serve six months in the county jail for a misdemeanor. After serving the sentence, as a condition to his release, he was required by respondent to execute a bond securing to the State the payment of $105.00 for board during his incarceration in jail, upon the theory that the expense thus incurred by the State is part of the cost to be taxed against one convicted of crime.

Where the expense of boarding a convict is made a public charge on the county or State (as in this State), it is not taxable as costs against the defendant in the absence of statutory authority. 15 C. J. 332. Conceding this to be the rule, the respondent insists that his action is justified under Section 11, Chapter 161, Code, and the interpretation of a similar statute by the Supreme Court of Appeals of Virginia in the case of *Anglea* v. *Commonwealth,* 10 Gratt. 705. The Virginia act reads:

> "The clerk of the court in which the accused is convicted shall make up a statement of all the expenses incident to the prosecution, including those which are incident to any proceeding preliminary to conviction in another court, which are payable out of the treasury."

The Virginia Court held that the cost and expense for which the convict was liable, under the statute, were "those with which the Commonwealth was chargeable, such as jail fees, charges for dieting, guards and transportation *accruing before conviction,* the compensation of witnesses and jurors, fees to constable for arresting the accused and summoning witnesses".

That case does not support the position of the respondent, but expressly limits the liability of a convict or prisoner for board to "charges for dieting * * * accruing before conviction". It is plain that charges for board accruing before conviction are "expenses incident to the prosecution", and therefore part of the cost taxable against the accused. Section 22, Chapter 137, directs that the fees of the jailor in felony and misdemeanor cases shall be paid out of the county treasury; but there is no statute authorizing the clerk of the court to include in the cost to be taxed against the defendant a charge for board while serving a sentence in prison.

Section 11, Chapter 161, is as follows:

> "In every criminal case the clerk of the court in which the accused is convicted, shall, as soon as may be, make up a statement of all the expenses incident to the prosecution, including such as are certified (by the justice) under the preceding section; and execution for the amount of such expenses shall be issued and proceeded with, and chapter thirty-six shall apply thereto, in like manner as if, on the day of completing said statement, there was judgment in such court in favor of the State against the accused for the said amount as a fine."

It does not provide that the expense of keeping the prisoner after conviction shall be taxed as part of the cost, but impliedly limits the expenses incurred by the State, to be included in the taxation of costs, to those accruing before conviction. The clerk is required forthwith to make up a statement of all the expenses incident to the prosecution and issue execution for the collection thereof.

A peremptory writ of prohibition will issue as prayed.

*Writ awarded.*