STATE *Ex rel.* PAUL TITUS

*v.*

GERALD L. HAYES, SHERIFF OF LEWIS COUNTY,

WEST VIRGINIA

(No. 12499)

Submitted September 21, 1965.    Decided October 19, 1965.

*Linn Mapel Brannon,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney 'General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on September 2, 1965, in which the petitioner, Paul Titus, seeks a writ to require the defendant, Gerald L. Hayes, Sheriff of Lewis County, West Virginia, to release the petitioner from his confinement in the county jail of

Lewis County, to which he was committed by order of Wm. I. Marsh, a Justice of the Peace of Lewis County, on August 30, 1965. On that day the petitioner was found guilty by the justice of the offense of having been intoxicated in a public place and the justice imposed a fine of $10.00 and costs in the amount of $7.00. The petitioner then made application for an appeal which was granted by the justice and the petitioner executed an appeal bond, with sufficient surety, in the penalty of $500.00, conditioned for the appearance of the petitioner before the Circuit Court of Lewis County on the first day of the next term to answer the offense with which he was charged and not to depart without leave of the court, which bond was approved by the justice. The justice then demanded that the petitioner pay him the statutory fee of $2.00 for preparing the appeal bond. This the petitioner, who is not an indigent person, refused to do upon advice of his attorney, and upon such refusal the justice entered an order committing the petitioner to the Lewis County jail, where he was confined at the time of the institution of this proceeding.

Upon the petition and its exhibits this Court granted a writ returnable September 21, 1965 and admitted the petitioner to bail upon his execution of a bond with good surety, in the penalty of $100.00, conditioned for his appearance before this Court on September 21, 1965 and until the final disposition of this proceeding by this Court and caused its action to be certified to the Circuit Court of Lewis County.

Upon the return day of the writ, at which time the petitioner appeared in person, this proceeding, together with a mandamus proceeding instituted by the petitioner against Wm. I. Marsh, Justice of the Peace, in which the petitioner challenges the validity of the commitment order involved in this proceeding, was heard and submitted for decision upon the petition and its exhibits, and the demurrer and the return of the defendant, and upon the written briefs and the oral arguments of the attorneys representing the respective parties.

The petitioner contends that the order of the justice committing him to jail because of his refusal to pay the sum

of $2.00 to the justice for preparing the appeal bond or recognizance was unauthorized and for that reason was null and void and of no force and effect, and that the action of the justice in committing him to jail for his refusal to pay the sum of $2.00 amounts to "buying justice" and is violative of Article III, Section 17 of the Constitution of this State which provides that "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay."

On the contrary the defendant insists that the commitment order is valid by virtue of Section 11, Article 17, Chapter 50, Code, 1931, as amended, which provides that when a justice of the peace prepares a bond or recognizance he shall be allowed a fee of $2.00 to be paid by the defendant, and by virtue of Section 9, Article 18, Chapter 50, Code, 1931, which provides that when a fine is imposed, whether with or without imprisonment and whether execution be issued for such fine and costs, a justice may adjudge the defendant to be imprisoned until such fine and all the costs are paid, but not to exceed ten days, for that cause; and, if fine and imprisonment be imposed, the defendant may be imprisoned for not exceeding ten days on account of the nonpayment of the fine and costs, in addition to the term of imprisonment imposed for the offense.

The only costs assessed and imposed by the justice were his costs of $4.00 for all official services performed by him in connection with the trial of the case as provided by Section 11, Article 17, Chapter 50, Code, 1931, as amended, and the sheriff's fee of $3.00, or a total amount of costs of $7.00. The item of $2.00 for preparing the appeal bond or recognizance is not a part of the costs of the case and was not included in the taxation of costs by the justice but was charged for services rendered subsequent to his trial and conviction.

In 20 C. J. S., Costs, Section 453, the text contains this language with respect to costs: "The term costs ordinarily

includes only items in connection with the actual presentation of testimony and the fees of specified officers, and the courts are reluctant to extend the term beyond its accepted meaning." In *City of Carterville* v. *Cardwell*, 152 Mo. App. 32, 132 S. W. 745, the court said "Costs in criminal proceedings are those charges fixed by law which have been necessarily incurred in the prosecution of one charged with a public offense as compensation to the officers for their services." As the $2.00 charge of the justice for preparing the appeal bond or recognizance was for services rendered after final judgment had been rendered in the case and was for the purpose of perfecting an appeal to the circuit court, to which appeal the petitioner was entitled as a matter of right and to be discharged from custody upon the execution of a properly conditioned recognizance, *Vetock* v. *Hufford*, 74 W. Va. 785, 82 S. E. 1099, the charge is not an item of costs incident to the prosecution of the petitioner but is instead a fee to compensate the justice for his services in preparing the foregoing obligation after the conviction of the petitioner. In *Sears* v. *Fisher*, 101 W. Va. 157, 132 S. E. 200, decided in 1926, this Court, in holding that the expense of keeping a prisoner after conviction was not a proper item of costs under Section 11, Chapter 161 of the Code of 1923 then in effect, which is now Section 7, Article 5, Chapter 62, Code, 1931, said that the section impliedly limits the expenses to be included in the taxation of costs to those expenses incident to the prosecution which accrue before conviction.

The principle is well established that a defendant may not be imprisoned for taxable costs unless imprisonment for the nonpayment of such costs is authorized by statute. In 20 C.J.S., Costs, Section 464, the text is in this language: "It is very generally held that defendant cannot be imprisoned for costs in the absence of statutory authority therefor. Defendant may be imprisoned for the nonpayment of costs when so provided by statute, but such a statute is highly penal in its nature and should be strictly construed, and the intent of the legislature must clearly appear." From the foregoing authorities it is manifest that a defendant may not

be imprisoned for the nonpayment of taxable costs unless imprisonment for the nonpayment of such costs is authorized by statute.

It is significant that Section 11, Article 17, Chapter 50, Code, 1931, as amended, which declares that a justice of the peace shall be allowed an additional fee of $2.00 "for bond or recognizance, to be paid by defendant.", does not provide that the defendant shall be imprisoned for refusal to pay the fee of the justice or authorize the justice to commit him to jail for refusal to pay such fee. It is obvious that the charge of $2.00 for a justice of the peace for preparing a bond or recognizance to be paid by the defendant, as provided by Section 11, Article 17, Chapter 50, Code, 1931, as amended, is not an item of costs incident to the prosecution but is a fee to compensate the justice for his services in preparing an appeal bond or recognizance after the conviction of the defendant; and in the absence of statutory authority the defendant can not be imprisoned for the nonpayment of such fee. As a defendant can not be imprisoned for his refusal to pay costs, in the absence of statutory authority for such imprisonment, it is clear beyond question that, in the absence of statutory authority, the petitioner can not be imprisoned for his refusal to pay a statutory fee which is not a part of the costs of his prosecution before the justice for the offense with which he was charged and of which he was found guilty. In *Alexander* v. *Walton, Sheriff,* 151 Ga. 645, 107 S. E. 862, the Supreme Court of Georgia held that a person adjudged guilty of a misdemeanor and sentenced to pay a fine of $50.00 and the costs of the prosecution and in default of the payment of such costs to be imprisoned for a stated term, can not be held in custody for fees due officers of a court for services which they were required by law to render in a proceeding instituted by him, after his conviction and sentence, to review and reverse such judgment and sentence, even though the defendant was liable to a judgment for the payment of such fees as costs. In the opinion in that case the court said: "The sentence did not in terms tax the defendant with any costs which might thereafter accrue in any proceeding to review

and reverse the judgment of his conviction. For the collection of these fees a remedy is provided. The officers of court are entitled to an insolvent order, and they may also have execution against the plaintiff in error, but he cannot, in the circumstances of this case, be legally held in custody or confined to labor on the chain gang for the payment of these fees. But beyond this 'costs' and 'fees' are generally altogether different in their nature. As was said by Chief Justice Brickell in *Bradley* v. *State,* 69 Ala. 318: "The one is an allowance to a party for expenses incurred in the successful prosecution or defense of a suit; the other a compensation to an officer for services rendered in the progress of a cause.' "

In *Ex Parte Coffelt,* 93 Okla. Cr. 343, 228 P. 2d 199, the Criminal Court of Appeals held that an item of costs of $1.00 declared by statute to be assessed by a justice of the peace upon the conviction of any person for the violation of any state law was invalid and void for the reason that it did not constitute a charge for a necessary expense incident to prosecution and trial of criminal cases and for the further reason that its collection is violative of the constitutional division of powers between the judicial, legislative and executive departments of government and violates the spirit of the Bill of Rights of the Oklahoma Constitution which provides that the courts of justice of the state shall be open to every person, and right and justice shall be administered without sale, denial, delay or prejudice. In that case, a habeas corpus proceeding, the defendant was released from imprisonment imposed for his refusal to pay the charge of $1.00 assessed against him in addition to the regular costs of the prosecution. To the same effect is the later case of *Ex Parte Miller,* 97 Okla. Cr. 351, 263 P. 2d 522, also a habeas corpus proceeding, in which the Criminal Court of Appeals held that the imprisonment of the petitioner because of his failure "to serve out $2.00 assessed as costs for the Pension and Retirement System for Policemen", as provided by statute, was illegal and that such charge could not be collected as a necessary item of costs incident to the actual presentation of testimony or as a fee of specified officers,

and that the petitioner in that proceeding was entitled to a writ of habeas corpus, and directed the sheriff to release him from custody. In the opinion the court said "Our Constitution, art. II, § 6, provides the right of justice shall be administered without sale, denial, delay or prejudice. Unreasonable costs encumbrances should not be permitted to shackle the feet of justice. We cannot open the door to such in the administration of criminal jurisprudence."

The language of Section 9, Article 18, Chapter 50, Code, 1931, which provides that when a fine is imposed, whether with or without imprisonment and whether execution is issued, the justice may adjudge the defendant to be imprisoned until such fine and all costs are paid, but not exceeding ten days for that cause, is not applicable to the $2.00 fee demanded by the justice for preparing the appeal bond or recognizance in this case. It is clear that the foregoing provisions apply only when the judgment of the justice is final and not appealed or when such judgment is affirmed and has become final after appellate review. Manifestly such provisions do not apply when an appeal from such judgment has been allowed and while such appeal is pending and undetermined. In *McArthur* v. *Artz*, 129 Ill. 352, 21 N. E. 802, the Supreme Court of Illinois held that the prepayment of a docketing or filing fee is not a prerequisite in a criminal case to perfecting an appeal from a justice's court because an acquitted defendant is not required to pay costs and, as he can not recover the costs if he does pay them, he should not be obliged to advance such costs. See also *People* v. *Lee*, 334 Ill. App. 158, 78 N. E. 2d 822, and *City of Charleston* v. *Beller*, 45 W. Va. 44, 30 S. E. 152.

Under the foregoing authorities it is clear that the justice was without power or authority to order the imprisonment of the petitioner and to commit him to the county jail for his refusal to pay the fee of $2.00 to the justice for his services in preparing the appeal bond or recognizance. In consequence the order of the justice of the peace committing the petitioner to jail for the nonpayment of a fee of $2.00 for preparing an appeal bond or recognizance, as provided by Section 11, Article 17, Chapter 50, Code, 1931, as amended,

not being authorized by statute, is null and void and its enforcement will be prevented in a habeas corpus proceeding. "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." Point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

It is a well established principle that the right of a person to the writ of habeas corpus depends on the illegality of his detention at the time of the filing of the petition and does not depend on his guilt or innocence. In 39 C.J.S., Habeas Corpus, Section 13, the text contains this language: "The right of a person to the writ of habeas corpus depends on the legality or illegality of his detention, and this in turn depends on whether the fundamental requirements of law have been complied with, and not at all on the guilt or innocence of the prisoner, or the justice or injustice of his detention on the merits. * * * . The writ of habeas corpus is concerned solely with the legality of restraint at the time of the filing of the petition for its issue, or by the condition existing at the time of the hearing or final decision thereon, and does not depend on the legality or illegality of the original caption." The primary object of habeas corpus is to determine the legality of the restraint under which a person is held and the only issue which it presents is whether the prisoner is restrained of his liberty by due process of law. 9 M. J., Habeas Corpus, Section 5; *Pugh* v. *Pugh,* 133 W. Va. 501, 56 S. E. 2d 901, 15 A.L.R. 424; *Pukas* v. *Pukas,* 129 W. Va. 765, 42 S. E. 2d 11; *Rust* v. *Vanvacter,* 9 W. Va. 600; *Buchanan* v. *Buchanan,* 170 Va. 458, 197 S. E. 426, 116 A.L.R. 688; *Ex Parte Ball and Saterwhite,* 2 Gratt. (43 Va.) 588.

In the opinion in *Pugh* v. *Pugh,* 133 W. Va. 501, 56 S. E. 2d 901, 15 A.L.R. 2d 424, this Court said "* * * the principal function of the writ of habeas corpus is the determination of the legality of the confinement of a person or of the restraint imposed upon his liberty; and this Court has said in *Mathews* v. *Wade,* 2 W. Va. 464, that 'The purpose of the writ is to release any one from restraint who is de-

tained without lawful authority.' See *Click* v. *Click*, 98 W. Va. 419, 127 S. E. 194."

Because the petitioner, though subsequently released on bail in this proceeding by this Court as provided by Section 7, Article 4, Chapter 53, Code, 1931, was illegally restrained under the commitment order of the justice at the time of the institution of this proceeding, he is entitled to relief in this proceeding even though, as a general rule, habeas corpus will not lie in behalf of a person discharged on bail. As the petitioner has been released on bail by this Court upon his bond with good security in the penalty of $100.00, conditioned for his appearance before this Court on September 21, 1965 and until the final disposition of this proceeding by this Court, no order of release will be issued because any such order is unnecessary; but inasmuch as the petitioner has satisfied the conditions of the bond given by him at the direction of this Court and as the order of commitment issued by the justice is null and void, that order is held to be unenforceable and the foregoing bond of the petitioner is cancelled and held for naught because its conditions have been fully complied with; and the petitioner is hereby relieved of any imprisonment or restraint of his liberty, except the requirement that he comply with and satisfy the condition of the appeal bond or recognizance which he gave before the justice to appear before the Circuit Court of Lewis County on the first day of the next term of such court to answer the offense with which he has been charged and not to depart without leave of that court so to do.

As it is not necessary in the decision of this case to consider or determine the constitutionality of Section 11, Article 17, Chapter 50, Code, 1931, as amended, this Court will not consider or determine that question. When it is not necessary in the decision of a case to determine the question of the constitutionality of a statute, this Court will not consider or determine such question. *State* v. *Harrison*, 130 W. Va. 246, 43 S. E. 2d 314; *State* v. *Garner*, 128 W. Va. 726, 38 S. E. 2d 337; *Norris* v. *County Court of Cabell County*,

111 W. Va. 692, 163 S. E. 418; *State* v. *McCoy*, 91 W. Va. 262, 111 S. E. 125; *Edgell* v. *Conaway*, 24 W. Va. 747.

For the reasons stated, the commitment order issued by the justice on August 30, 1965, is held to be null and void and its enforcement will be prevented in this habeas corpus proceeding and the petitioner is relieved of all restraint in and about his person, except the requirement that he satisfy the condition of the appeal bond or recognizance which he executed before the justice on August 30, 1965.

*Relief awarded.*