STATE of Missouri, Plaintiff-Appellant,

v.

Richard Harold DAVIS, Defendant-Respondent.

Nos. 12727, 12728 and 12729.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 13, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 30, 1982.

Application to Transfer Denied Feb. 23, 1983.

---

John D. Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-respondent.

PREWITT, Judge.

The question here is whether the $26.00 "judgment" provided in § 595.045.1, RSMo Supp.1982,[1] should be assessed against the defendant for crimes committed before the effective date of that section, when the convictions were thereafter.

On November 10, 1981, defendant pled guilty in three criminal cases, each charging him with burglary and stealing on dates prior to October 1, 1981.[2] The pleas were entered pursuant to a plea bargain agreement. The $26.00 judgment was not a part of the agreement and was apparently not discussed between the participants. No mention of such judgment was made by the judge or the parties or their representatives at the time of sentencing. Following the sentencing a "Sentence and Judgment" was entered in each case assessing $26.00 against the defendant under § 595.045.1. Thereafter, the trial judge "set aside" the portion of the judgments which had assessed $26.00 in favor of the state.[3] After failing to get the trial judge to vacate those orders and reinstate the $26.00 judgments, the state appeals.[4]

1. It provides in part: "(1) There is established in the state treasury the 'Crime Victims' Compensation Fund'. In all cases in which defendants are given a sentence of imprisonment or are a suspended imposition of sentence or are placed under the supervision of the state board of probation and parole or any county parole officer after an adjudication of guilty or after imposition of sentence, whether upon a plea of guilty or after trial, the court shall enter judgment of twenty-six dollars against the defendant in favor of the state of Missouri. Willful failure of the defendant to satisfy such judgment shall be cause for revocation of probation, parole, or conditional release."

2. Section 595.070, RSMo Supp.1982, provides that § 595.045 shall become effective October 1, 1981, sections 595.050 and 595.055 shall become effective upon appropriation of funds for services to victims of crime, and all other sections from § 595.010 through § 595.070 shall become effective January 1, 1983. A literal reading of § 595.070 would not make it effective until January 1, 1983, but we do not perceive that as the legislature's intent. No argument has been made here that the staggering of the effective dates is of aid in determining whether § 595.045.1 should be applied only to crimes occurring after its effective date.

3. While the state questions the authority of this action due to the time made, under the circumstances present here, the trial court had authority to correct the judgment more than 30 days after its entry. See Rule 29.12; *State v. Bolden*, 525 S.W.2d 625, 635 (Mo.App.1975).

4. In a criminal matter the state can appeal "where judgment thereon is ... set aside". § 547.210, RSMo 1978. While supreme court "rules shall not change ... the right of ap-

■ The trial court found that applying § 595.045 to defendant would constitute it an ex post facto law in violation of U.S. Const. Art. I, § 10 and Mo. Const. Art. I, § 13. An ex post facto law denounces as a crime an act or acts which were not criminal when committed or enlarges the penalty imposed for a criminal violation after the date of the violation. *State v. Adams,* 532 S.W.2d 524, 530 (Mo.App.1976). See also *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).

■ Two elements must be present for a criminal or penal law to be ex post facto, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *Weaver v. Graham,* supra, 450 U.S. at 29, 101 S.Ct. at 964. It is the effect, not the form, of a statute that determines whether it is an ex post facto law, the critical question being whether the law changes the legal consequences of acts completed before its effective date. Id. 450 U.S. at 31, 101 S.Ct. at 965. See also *Cummings v. Missouri,* 71 U.S. (4 Wall) 277, 18 L.Ed. 356 (1867). A law can only be constitutionally applied to a defendant retroactively if it is not to his detriment. *Weaver v. Graham,* supra, 450 U.S. at 33, 101 S.Ct. at 966.

■ The state argues that the $26.00 judgments "were not punishment for his criminal acts, but rather were in payment for costs incurred by society due to his acts, much like court costs are incurred in order to try him for his acts". Even if we assume that costs added after the act could not be an ex post facto law,[5] it is clear that the $26.00 is not akin to court costs nor other costs due to defendant's criminal violations. It is not designated as costs nor does it fit the definition of costs.

■ Costs in criminal proceedings are the charges fixed by law necessarily incurred in the prosecution of one charged with a public offense as compensation to the officers for their services. *City of Carterville v. Cardwell,* 152 Mo.App. 32, 132 S.W.2d 745, 746 (1910). See also *In re Phi Fathers Educational Ass'n,* 239 Mo.App. 1105, 203 S.W.2d 885, 889 (1947); Chapter 550, RSMo 1978. The $26.00 is not for court expenses nor the costs of the state in prosecuting this defendant. Nor does it relate to the loss that defendant's acts may have caused. The assessment of it is not dependent upon a loss of at least $26.00 or any loss to the victim of the crime charged. No showing is required before the $26.00 is assessed that a victim must be injured in the manner that would entitle him to compensation under §§ 595.010–595.070.

While the $26.00 judgments may not be intended as punishment, they operate to the disadvantage and detriment of defendant. They are additional burdens upon him in addition to the penalties proscribed at the time of the offenses. They create debts that he is legally obligated to pay and any amount due on them can be withheld "from any disbursement, payment, benefit, compensation, salary, or other transfer of money from the state of Missouri to such defendant". § 595.045.3.

Willful failure to pay the judgments is cause for revocation of probation, parole or conditional release. § 595.045.1. In this respect the judgments relate to the statement in *Weaver v. Graham,* 450 U.S. at 36, 101 S.Ct. at 968, that a provision which restricts an inmate's opportunity to earn early release effective after the crime for which he is imprisoned, violates the prohibition against ex post facto laws.

Section 595.045.1 must be applied only to criminal offenses occurring after it became effective. To hold otherwise would constitute it an ex post facto law as to prior offenses. Where an act would be unconstitutional if applied retrospectively it must be

---

peal", Mo. Const. Art. V, § 5, the "procedure" for appeal by the state is governed by Rule 30.02. See *State v. Adams,* 546 S.W.2d 550, 551 (Mo.App.1977). See also *State v. Getty,* 273 S.W.2d 170, 172 (Mo.1954).

5. "Costs constitute no part of the punishment of the defendant." *State v. Smith,* 196 N.C. 438, 146 S.E. 73, 74 (1929). But see *Caldwell v. State,* 55 Ala. 133 (1876) (holding that an increase in costs can be an ex post facto law when applied to past offenses).

construed as applying only prospectively. *State v. Holekamp Lumber Company,* 331 S.W.2d 171, 178–181 (Mo.App.1960) transf. 340 S.W.2d 678 (Mo. banc 1960). See also *State ex rel. Hall v. Bauman,* 466 S.W.2d 177, 180 (Mo.App.1971).[6]

The judgment is affirmed. Defendant's motions previously taken with the cases are denied.

GREENE, C.J., concurs.

FLANIGAN and MAUS, JJ., concur in the result.

---

**6.** It is also generally stated that statutes are applied prospectively unless a legislative intent to the contrary clearly appears from the express language of an act or by necessary or unavoidable implication. *St. Louis County v. University City,* 491 S.W.2d 497, 499 (Mo. banc 1973).