355 S.E.2d 418

**STATE of West Virginia**

v.

**Barry ST. CLAIR.**

**STATE of West Virginia**

v.

**Carl J. STACEY.**

**Nos. 17030, 17031.**

Supreme Court of Appeals of West Virginia.

March 26, 1987.

---

**630**

Robert H. McWilliams, Public Defender Corp., Moundsville, for appellant.

Charlie Brown, Atty. Gen., Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

In these two cases, which have been consolidated for purposes of appeal, two convicts challenge the legality of taxing them with the costs of room and board in the county jail while awaiting trial. We agree that such costs are not authorized by statute, and remand the order to the circuit court for modification.

Both appellants were arrested on felony charges and detained in the county jail in Marshall County. Each later plead guilty to one or more felony counts. Judge Narick of the Circuit Court of Marshall County sentenced both to suspended prison sentences, with conditions of probation to include time spent in the county jail, restitution to victims, and "costs of prosecution."

At the sentencing hearing in the Stacey case, and at a hearing on defense counsel's motion to correct sentence in the St. Clair case, Judge Narick indicated that he did not consider "costs of prosecution" to include the contested charges for room and board. Soon after the sentencing in each case, the county sheriff nevertheless sent a memorandum to the circuit clerk, certifying the number of days spent in the county jail prior to sentencing, and requesting the clerk to bill the defendant for jail costs at forty-two dollars per day. The total tab was $5,754 for appellant Stacey, and $5,814 for appellant St. Clair. The sheriff made the assessments under the purported authority of W.Va. Code § 62–5–7 (1984), which requires the clerk of court to make up a statement of "all expenses incident to the prosecution," and authorizes execution

for the same as if there were a judgment in favor of the State.[1]

■ The appellants challenge these assessments on four grounds: First, that there is no statutory authority for the sheriff or the court to charge a criminal defendant for room and board; second, that assessment of jail fees violates the due process clause of the United States and West Virginia constitutions, because the prospect of excessive fees may chill a defendant's exercise of valuable constitutional rights; third, that such an assessment violates the equal protection clauses of the federal and state constitutions, because only defendants who are too poor to put up bail have to pay for pre-conviction confinement; and fourth, that the appellants should have been given notice and hearings in order to enable them to contest the amount of the jail fees and to allow the judge to determine their ability to pay. The State counters that there is no court order requiring the appellants to pay jail costs—only the sheriff's certification of costs, and, in the St. Clair case, a writ of execution. The State does not, therefore, consider this case ripe for appeal, and offered no argument on the merits. We deem the issue properly before us, because § 62-5-7 requires no judgment prior to execution for the costs certified. Moreover, little would be gained by remanding the cases, as it appears from the record that the trial judge was reluctant to rule on the actions of the sheriff. We find for the appellants on the basis of no statutory authority, and do not therefore address the other arguments advanced.

■ Allowance and recovery of costs was unknown at common law, and therefore only costs specifically allowed by statute may be recovered. This Court pronounced in 1926 that "[w]here the expense of boarding a convict is made a public charge upon the county or state (as in this state), it is not taxable as costs against the defendant in the absence of statutory authority." *Sears v. Fisher*, 101 W.Va. 157, 158, 132 S.E.200, 200 (1926).

Code § 7-7-13 (1984) requires the county commission of every county to allow to the sheriff his costs for keeping and feeding prisoners.[2] Thus, under the rule announced in *Sears v. Fisher*, the county may not assess jail fees as costs in the absence of specific statutory authority.

The circuit court ordered payment of the "costs of prosecution," and Code § 62-5-7 authorizes execution for "expenses incident to the prosecution." "The term costs ordinarily includes only items in connection with the actual presentation of testimony and the fees of specified officers, and the courts are reluctant to extend the term beyond its accepted meaning." *State ex rel. Titus v. Hayes*, 150 W.Va. 151, 154-55, 144 S.E.2d 502, 505 (1965), *quoting* 20 C.J.S. *Costs* § 453 (1940). In accord with this rule, the courts of other states have held that statutes authorizing recoupment of costs incurred prior to conviction do not include charges for room and board in the county jail. *See, e.g., People v. Kerker*, 121 Ill.App.3d 1072, 1075-76, 77 Ill.Dec. 467, 469-70, 460 N.E.2d 771, 773-74 (1984); *Ex parte State*, 121 Ala. 327, 328, 25 So. 563, 563-64 (1899); *but see People v. Robinson*, 253 Mich. 507, 511, 235 N.W. 236, 237 (1931) (upholding costs assessed, including "subsistence charge").

■ Room and board in the county jail is a public charge on the county, and may not therefore be collected from a convicted criminal in the absence of statutory author-

---

**1.** W.Va. Code § 62-5-7 (1984) provides:

In every criminal case the clerk of the court in which the accused is convicted shall, as soon as may be, make up a statement of all the expenses incident to the prosecution, including such as are certified to him by a justice [magistrate] under the preceding section [§ 62-5-6]; and execution for the amount of such expenses shall be issued and proceeded with, and article four [§ 62-4-1 et seq.] of this chapter shall apply thereto in like manner as if, on the day of completing such statement, there was judgment in such court in favor of the State against the accused for such amount as a fine.

**2.** *See also* § 7-8-2a (Supp.1986).

ity. We find in our statutes no authority for the county to collect fees for board and lodging from a person incarcerated in the county jail prior to conviction.[3] The judgments of the circuit court are therefore remanded, with instructions to modify the sentencing orders in accordance with this opinion.

Remanded, with instructions.

**3.** We recognize that this holding conflicts with dicta in *Sears v. Fisher,* 101 W.Va. 157, 132 S.E. 200 (1926), in which this Court said, "It is plain that charges for board accruing before conviction are 'expenses incident to the prosecution,' and therefore part of the cost taxable against the accused." 101 W.Va. at 159, 132 S.E. at 200. The Court held in *Sears v. Fisher* that the State could not collect charges for board in the penitentiary after conviction, because the predecessor of § 62–5–7 impliedly limited taxable costs to those accruing prior to conviction. Board accruing prior to conviction was not in issue in that case, and it is not necessary to reverse the holding therein. To the extent that it conflicts with the holding in this case, the statement quoted above is, however, discredited.