359 S.E.2d 142

**STATE of West Virginia,**

v.

**Chester CHANZE.**

**No. 17029.**

Supreme Court of Appeals of West Virginia.

July 7, 1987.

Robert W. Kagler, Asst. Pros. Atty., Moundsville, for appellant.

Robert H. McWilliams, Edward Bullman, Public Defender Corp., Moundsville, for appellee.

PER CURIAM:

In this appeal from Marshall County, we are confronted with an identical issue

---

which arose recently from the same jurisdiction in *State v. St. Clair,* 177 W.Va. 629, 355 S.E.2d 418 (1987). There, a challenge was made to the "legality of taxing [the defendant] with the costs of room and board in the county jail while awaiting trial." 177 W.Va. at 630, 355 S.E.2d at 419 (Slip op. at 1). We held in the single Syllabus of *St. Clair:*

> "Room and board in the county jail is a public charge on the county, and may not therefore be collected from a convicted criminal as a cost incident to the prosecution in the absence of statutory authority."

We reviewed in *St. Clair* the same statute cited by the county in this case, W.Va. Code, 62–5–7, and concluded that it contains no specific authority to impose room and board charges since it dealt with "expenses incident to the prosecution" of a criminal case.

We, therefore, order, as we did in *St. Clair,* that these costs be removed as a charge against the defendant and that the case be remanded to the circuit court for entry of an appropriate corrective order.

Reversed and Remanded.