**632**

STATE of Missouri, Respondent,

v.

Lester Eugene POLLARD, Appellant.

No. 52967.

Missouri Court of Appeals,
Eastern District,
Division One.

March 15, 1988.

Dennis C. Brewer, Perryville, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of robbery in the first degree, § 569.020, RSMo 1986. He was sentenced as a "prior offender" and a "class X offender" to a term of ten years' imprisonment under § 558.019, RSMo 1986. We reverse and remand for resentencing.

Defendant's only point on appeal concerns his eligibility for parole under § 558.019. He does not question his conviction or the ten-year term of his sentence. Defendant asserts § 558.019 was unconstitutionally applied to him in that the crime was committed on September 15, 1986, prior to the effective date of § 558.019, and, therefore, § 217.690, which provided for a discretionary parole standard, governed his future eligibility for parole. Defendant contends § 558.019 was an "ex post facto law" as applied to him in that it provided for a minimum prison term before parole eligibility not imposed under prior law.

We first note that the constitutional issue was not preserved for appeal. *See State v. Hoard,* 715 S.W.2d 321, 326[12, 13] (Mo.App.1986). However, because of the importance of the issue, we review for plain error under Rule 29.12(b).

Two elements must be present before a criminal or penal law is considered to be ex post facto. It must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *Weaver v. Graham,* 450 U.S. 24, 29[4], 101 S.Ct. 960, 964, 67 L.Ed.2d 117 (1981); *State v. Davis,* 645 S.W.2d 160, 162[2] (Mo.App. 1982).

In *Maggard v. Wyrick,* 800 F.2d 195 (8th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987), the court held the retrospective application of § 217.690 was not an ex post facto violation; however, § 217.690 merely provided

for a discretionary parole standard and the court found no disadvantage to the inmate. *Id.* at 197–98.

In this case, defendant was subjected to a much more liberal parole standard at the time the crime occurred. § 217.690, RSMo 1986. Under § 558.019, which became effective on January 1, 1987, defendant would not be eligible for parole until he had served eight years of his sentence. Under § 217.690, defendant would have been eligible for parole after a maximum of two years. Because defendant was seriously disadvantaged by reason of a law enacted after the crime was committed, the minimum prison terms under § 558.019 as applied to defendant were invalid as an ex post facto law. Defendant was entitled to have his parole determined under the law existing at the time of the crime. *See Weaver*, 450 U.S. at 33–34, 101 S.Ct. at 966–967; *see also Davis*, 645 S.W.2d at 162.

Reversed and remanded for resentencing in accordance with the law in effect at the time of the crime, September 15, 1986.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.